214 So.2d 203 (1968)
Carolyn W. ROSENTHAL
v.
The ORLEANS PARISH SCHOOL BOARD.
No. 3130.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1968.
Rehearing Denied October 7, 1968.
Writ Refused November 15, 1968.
Wilkinson & Wilkinson, John B. Wilkinson, New Orleans, for plaintiff-appellee.
*204 Polack, Rosenberg & Rittenberg, Samuel I. Rosenberg and Franklin V. Endom, Jr., New Orleans, for defendant-appellant.
Before REGAN, YARRUT and BARNETTE, JJ.
YARRUT, Judge.
Plaintiff obtained an injunction from the District Judge restraining Defendant, The Orleans Parish School Board, from transferring her from her position as Biology teacher at Benjamin Franklin Senior High School to Biology teacher at Warren Easton Senior High School, both in New Orleans.
The School Board has taken this appeal.
Plaintiff is a tenured teacher, first employed by the School Board on October 18, 1955, as a temporary teacher of Mathematics and Science at Colton Junior High School; and later employed as a substitute teacher of Science at the same school during the year 1956-1957. On March 10, 1958, she was employed by the School Board as a temporary teacher of Mathematics and English at Warren Easton Senior High School. In the school year 1958-1959, she taught Mathematics and Science; and until June 1964, taught Mathematics and Biology. She obtained certificates from the State Department of Education as a teacher on March 15, 1961; and, on April 18, 1961, her classification was changed from "temporary teacher" to "regular teacher."
In September, 1964, she was transferred by the School Board to the position of teacher of Biology at Benjamin Franklin Senior High School. On July 17, 1967, the Superintendent of The Orleans Parish School Board, notified Plaintiff, by letter, he planned to recommend to the School Board that she be transferred from the position of teacher of Biology at Franklin, to the position of teacher of Biology at Easton, reading:
"At my request, Mr. Daniel A. Allain, Jr., Assistant Superintendent, conferred with you concerning your student grading procedures. During this conference, Mr. Allain brought to your attention the following facts:
"1. Of the 55 pupils enrolled in your four sections of Biology during this past session, a total of 28 or 51 percent received final session grades of less than 80 percent.
"2. At the start of the school session 67 pupils were enrolled in your classes. At the close of the year only 55 pupils remained. Twelve of the 23 Tenth Grade pupils to withdraw from Franklin during the school year were assigned your course in Biology.
"3. The pupil-teacher ratio in your classes averaged 14.2 pupils per teacher.
"4. There was little improvement in the number of pupils receiving grades under 80 during the second semester in comparing the mid-year and final grades. The mid-term percentage was 56 percent and the final session percentage was 51 percent.
"5. During the 1965-1966 school session 41 percent of the pupils in your classes received final session grades of under 80 percent.
"It was your judgment in this conference that you do not have expectations of your students at Franklin which are unreasonable.
"After carefully weighing both perspectives and after reviewing your judgment in the context of the grades given by other teachers at Franklin, I conclude that your grading procedures do differ significantly from what is expected by both the administration of the school system and the great majority of the faculty at Franklin.
"The students at Franklin are required to maintain an overall average of 80, and are subject to removal if they do not. Consequently, if the grading procedures of any one teacher differs significantly from the grading procedures of the majority *205 of the faculty, that one teacher will have an inordinate influence upon whether or not her students are allowed to remain at Franklin.
"For the foregoing reasons it is my opinion, and the opinion of the Director of Personnel, that the best interests of the school system will be served if you are transferred from the Benjamin Franklin Senior High School, to a position of equal rank, dignity and salary in another Senior High School in the system. Accordingly, I shall recommend your transfer from the Franklin Senior High School, to the Warren Easton Senior High School, as a teacher of Biology, effective at the beginning of the 1967-68 school year.
"I hope that in your new assignment you will re-examine your exceptions and your teaching techniques. It is my view that the role of the teacher is to establish reasonable expectations. The test of the efficiency of the teaching process is how much student achievement is attained during the year in terms of the reasonable objectives which have been established."
On August 4, 1967, Plaintiff filed the instant suit seeking to enjoin the School Board from transferring her from Franklin to Easton, or to any other school. On August 7, 1967, the District Judge ordered the School Board to show cause on August 16, 1967 why a preliminary injunction should not issue as prayed for. At its regular meeting held on August 14, 1967, the School Board transferred Plaintiff from her position as teacher of Biology at Franklin to that of teacher of Biology at Easton.
Following the hearing on August 16, 1967, the District Court issued a preliminary injunction restraining the School Board from transferring Plaintiff from her position at Franklin until such time as she might have the opportunity to have charges of the nature provided by LSA-R.S. 17:462 filed against her, and until she had been proven guilty of such charges.
The cited statute provides that a permanent teacher shall not be removed from office except on written charges, including those of immorality, willful neglect of duty or incompetency, and shall be given a hearing before the School Board.
On September 1, 1967, the School Board filed an answer and reconventional demand, asking for damages.
On December 18, 1967, the District Court issued a permanent injunction enjoining the School Board from transferring Plaintiff from her position at Franklin until her rights under LSA-R.S. 17:462 had been exhausted. The judgment did not mention the School Board's reconventional demand. Neither in brief, nor in oral argument, before this Court, did the School Board urge its reconventional demand, and we now hold that it has been abandoned.
The School Board contends the District Judge erred in the following respects: (1) In holding that the position of teacher of Biology at Easton is of lower rank and dignity than the position of teacher of Biology at Franklin; (2) in basing its conclusion upon the subjective preference and bias of the Plaintiff, rather than upon an objective evaluation of the positions involved, using criteria established by the legislature and the judiciary; (3) in finding that there are degree and experience requirements for teachers at Franklin which are higher than the requirements for teachers at other schools; (4) in finding that Plaintiff had successfully carried the burden of proving that her transfer to Easton was a demotion and would lower her professional standing; (5) by not "giving much weight" to the testimony of the Superintendent of Schools of Jefferson Parish, the Superintendent of Schools of St. Bernard Parish, and the Dean of the College of Education of Louisiana State University in New Orleans; and (6) by not recognizing the fact that the Superintendents, Assistant Superintendents, Supervisors, Directors and Principals who testified on behalf of the School Board are all certified as teachers.
*206 In the efficient administration of a public school system a school board has power to transfer or reassign its teachers and employees; LSA-R.S. 17:81 and LSA-R.S. 17:151. We can find no express statutory prohibition or restriction of a school board's power to transfer teachers in the best interest of the pupils and system. The general rule is:
"In the absence of constitutional or statutory limitations or restrictions, the employing school authorities usually have the power to assign, reassign, or transfer teachers, principals, and superintendents. * * *" 78 C.J.S. Verbo Schools and School Districts § 198, p. 1068.
Plaintiff contends that her transfer from the position of teacher of Biology at Franklin to the position of teacher of Biology at Easton, constitutes a removal from office which can be accomplished only if the provisions of LSA-R.S. 17:462 are first complied with.
The District Judge in the instant case correctly held that a Parish School Board has the unqualified right to transfer a teacher to a position of equal rank, dignity and compensation. We do not believe Plaintiff seriously questions this proposition. However, the District Judge did hold that the transfer in the instant case was a removal from office within the meaning of LSA-R.S. 17:462.
The jurisprudence has established what does constitute such a removal under the above cited statute. In the case of State ex rel. McNeal v. Avoyelles Parish School Board, 199 La. 859, 7 So.2d 165, plaintiff resisted his transfer by the School Board from his position of a high school principal to the position of a teacher in a high school, at a reduced salary. The Court held that the School Board was without authority to demote plaintiff; and said:
"`Removed from office' is much broader in its scope than `discharge' or `dismiss.' It is well recognized in the jurisprudence of this country that the word `removal' as used in statutes similar to our Teachers' Tenure Act includes a demotion in office by assigning the employee to a lower position in the same service at a lower rate of compensation. See Words and Phrases, Permanent Edition, Vol. 36, Verbo `Remove; Removal,' pp. 856 and 857, and cases there cited."
The Supreme Court also cited with approval case of Board of Education of Richmond County v. Young, 187 Ga. 644, 1 S.E. 2d 739, which held:
"`However, a demotion from one position to another, if and when accompanied by a substantial salary reduction, being in effect a removal from the original position (see, 43 C.J. 801, 802, and cit.), the board had no right, without assigning any cause and without a hearing, to accompany the demotion of this petitioner with a reduction in her salary from $2,200.00 to $1,400.00 per annum.'"
The proposition that a transfer when accompanied by a reduction in salary, amounts to a demotion, and is therefore a removal from office, was affirmed by our Supreme Court in State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153. See also Aswell v. Jackson Parish School Board, La.App., 176 So.2d 741.
In the recent case of State ex rel. Charbonnet v. Jefferson Parish School Board, La.App., 188 So.2d 143; 249 La. 727, 190 So.2d 238, it was held:
"While the School Board has the right, ordinarily, to transfer Relator from his position as Principal of East Jefferson High School, to that of Supervisor of Child Welfare and Attendance, alleged to be of equal rank, dignity and compensation, his appointment to such office does not make moot his removal from the position of Principal of East Jefferson High School on the ground of incompetency, since such cause for removal, unless nullified by this Court, would constitute a permanent degrading of Relator and a blot on his record.

*207 "Under the circumstances, we must hold that the judgment of the District Court was correct in holding the School Board improperly removed Relator from his position as Principal of East Jefferson High School, but would have the right, after his reinstatement, to transfer him to any position of equal rank, dignity and compensation."
Our jurisprudence established that the transfer of a teacher from one position to another, by a Parish School Board, does not constitute a removal from office, as prohibited by the Teachers' Tenure Law, unless: (1) A reduction in salary is involved; (2) the new position requires the teaching of subjects for which the teacher is not qualified; (3) the teacher must undergo additional training, at his expense, in order to obtain permanent certification in his new post; and (4) the transfer follows a dismissal without formal charges, or a hearing, and thus leaves a blot on the teacher's record. None of the foregoing exceptions are present in the instant case.
The District Judge held that the proposed transfer of Plaintiff amounts to a demotion and lowered her professional standing. In order to come to this conclusion, the District Judge found that the relative rank and dignity of Franklin and Easton are different, and that Franklin is a school of higher rank and dignity; hence, the teaching positions, insofar as Plaintiff is concerned, are of different rank and dignity.
The School Board has the duty to properly administer the Public School System, and necessarily has the right to transfer teachers from one school to another in the best interests of the pupils. This is the effect of the decision below for, if a teaching position at Franklin is of greater rank and dignity than a teaching position in the other Parish Schools, then teachers assigned to Franklin cannot be transferred to any other school, for such a transfer would be a transfer to a position of lower rank and dignity. This creates an intolerable situation for a School Board, charged by the legislature and electorate with the responsibility of administering the School System; and is a reflection on the 4,500 members of the dedicated teaching corps of the Public Schools of this Parish (barring the twenty-six teachers assigned to Franklin).
The District Judge properly stated the law to be:
"* * * the Court does not have the right to stop the Orleans Parish School Board from transferring a teacher from one school to another unless it can be shown that the transfer is made to a position of either lessor rank, dignity, or compensation, in which event the transfer amounts to a virtual removal * * *"
The District Judge did err, however, in holding that the transfer amounted to a lowering of the rank and dignity of Plaintiff. As the compensation paid for the two positions is identical, this issue is not involved here.
The only issue here is the relative rank and dignity of the positions of teacher of Biology at Franklin and at Easton.
Dr. Carl J. Dolce, Superintendent of the New Orleans Public Schools, after first giving his training as a teacher, testified:
"Q. Doctor, in your professional opinion, is there any difference in the rank and dignity of the position of teacher of biology at Benjamin Franklin Senior High School and the position of teacher of biology at the Warren Easton Senior High School?
A. No, there isn't. There isn't any difference in rank or dignity of any teacher in the New Orleans Public School System, both, as far as I am concerned, and as far as the Orleans Parish School Board is concerned. A teacher of a mentally retarded child, of a remedial class, has equal rank and dignity *208 as the teacher at Benjamin Franklin or any other school in this City, and we respect them as such. What I am saying is that special function doesn't affect the rank and dignity of the teacher because the Orleans Parish School Board has gone on record repeatedly, and I think I have gone on record repeatedly, saying that each individual child in our School System is a sacred entity and no matter what his race, religion, his creed, his national background, we have an utmost obligation to that child and we must fulfill that obligation.
Q. Don't you have a greater obligation to the exceptionally gifted child than you do to the ordinary run-of-the-mill child?
A. We don't feel that to be the case. We feel the mentally retarded child is just as sacred as a child attending the Benjamin Franklin School, and we believe that profoundly.
Q. Is it valid, educationally, to rank the dignity of teaching positions by the I.Q. of the student being taught?
A. Not in my judgment. And this was the previous expression that I made. Each child is sacred and you don't rank on the basis of I.Q., because if this were the criterion we use, then the teacher of the mentally retarded child is at the low end of the totem pole. And I have the most profound respect for teachers of the mentally retarded or blind or hard of hearing; so it seems to me, in terms, both of personal dignity, if we remove the individual factors and the position dignity, we are talking about teachers of equal dignity and rank."
The students are selected for admission to Franklin based upon I.Q. and achievement, and are dismissed if they fail to maintain a high level of achievement. The teachers at Franklin are not selected on the basis of either their I.Q. or achievement. The tenure of teachers is not graded. Their transfer indicates nothing more nor less than the fact that those charged with the responsibility of running the School System feel that the service of such a teacher is needed more at some other school than at Franklin.
When Franklin was originally started the degree and experience requirements of teachers were higher than those required of teachers at other schools. However, some years before this suit was filed this differential in requirements was abolished.
While Franklin is an "exceptional school," since its students are required to have a minimum I.Q. and a minimum level of achievement, there is no evidence that the faculty at Franklin is any more exceptional than the faculty at any of the other senior high schools in the Orleans Parish School System.
The sole question is whether or not the transfer of Plaintiff was to a position which amounted to a demotion and lowering of the professional standing of Plaintiff.
The Teachers' Tenure Act prevents a teacher from being "removed from office," without formal charges and a hearing. The Courts have found that being demoted constitutes being "removed from office." Before a teacher can be considered as having been demoted, she must have been assigned to a position of lower rank or dignity. It is submitted that the two teaching positions pay the same salary, and have the same rank and dignity.
The following testified that there was no difference between the rank or dignity of the position of teacher of Biology at Franklin, and the position of teacher of Biology at Easton: Dr. Milton L. Ferguson, Dean, *209 College of Education, Louisiana State University in New Orleans; Harold L. Copes, State Certification Officer, State Department of Education; Dr. Carl J. Dolce, Superintendent of Schools, Orleans Parish; Dr. Alfred T. Little, Superintendent of Schools, Jefferson Parish; and Joseph J. Davies, Jr., Superintendent of Schools, St. Bernard Parish. The following officials of the New Orleans Public Schools testified similarly: Dr. Malcolm F. Rosenberg, Jr., Assistant Superintendent in charge of Instruction; Daniel L. Allain, Jr., Assistant Superintendent; James E. Dean, Jr., Assistant Superintendent; Alfred B. Hebeisen, Director of Personnel; Angeline L. Werner, Supervisor of Mathematics; Adrienne G. Rung, Supervisor of Science (formerly Principal of Franklin); Hanes Morris, Supervisor of Foreign Languages; Edwin H. Friedrich, Director of Curriculum Sciences, Division of Instruction; Alfred L. Firment, Principal, Kennedy Senior High School; and Edmond J. Garland, Principal, Francis T. Nicholls High School.
Dr. Carl J. Dolce also testified that the staffing procedures originally recommended for Franklin are no longer in effect, and he explained why. He further testified that the most competent teachers in the system were not assigned to Franklin; and that the School Board's staffing policy was to assign the strongest applicant to the school with the weakest department, in an attempt to bolster that department. Plaintiff testified that when she was transferred to Franklin, she simply made a written request for transfer and it was granted; and that she was not put through any kind of screening process and was not even called in for a special interview.
Accordingly, we must hold that the proposed transfer of Plaintiff from the position of teacher of Biology at the Benjamin Franklin Senior High School, to the position of teacher of Biology at the Warren Easton Senior High School, does not amount to a demotion; and is not a removal from office; nor does it violate the Teachers' Tenure Act, nor any other statute of the State of Louisiana.
The judgment of the District Court is reversed; the injunction is dissolved; and Plaintiff's suit is dismissed, at Plaintiff's costs.
Reversed.
REGAN, Justice (dissenting).
I respectfully dissent for the reasons expressed by the trial judge in an excellent opinion written in support of his judgment.
In addition to those reasons there is a very significant and pertinent letter[1] in the record which also served to provoke this dissent. It is dated July 17, 1967, and it emanates from the Superintendent of the Orleans Parish School Board, Dr. Carl J. Dolce, and it is addressed to the plaintiff, Mrs. Rosenthal, wherein she is castigated and reprimanded in five distinct paragraphs of that letter for her "student grading procedure". In concluding this letter, Dr. Dolce was of the opinion that the best interests of the school system will be served if Mrs. Rosenthal is transferred from the Benjamin Franklin Senior High School to the Warren Easton Senior High School, and he finally expressed the hope that in her new assignment she would reexamine her "teaching techniques".
The only reasonable interpretation which can be drawn from the words forming the context of this letter is that Mrs. Rosenthal's transfer was simply a disciplinary measure neatly disguised in legalistic mumbo jumbo. A cursory reading of that letter will serve to confirm and emphasize this conclusion.
Hence, she is entitled to a hearing in conformity with the provisions of the Teachers' Tenure Law, La.R.S. 17:462, and therefore, the judgment of the lower court should have been affirmed.
*210 EXHIBIT
P-1

*211 
NOTES
[1] For the sake of convenience, the letter is attached to this opinion.