432 So.2d 905 (1983)
Ida B. SLAUGHTER
v.
EAST BATON ROUGE PARISH SCHOOL BOARD.
No. 82-CA-0670.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Rehearing Denied June 3, 1983.
*906 Gail Horne Ray and Robert C. Williams, Baton Rouge, for plaintiff-appellant Ida B. Slaughter.
Robert L. Hammonds, John F. Ward, Jr., Baton Rouge, for defendant-appellee East Baton Rouge Parish School Bd.
*907 Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiff, a teacher, appeals the trial court's judgment, which upheld her dismissal by the East Baton Rouge Parish School Board for willful neglect of duty. We affirm.

BACKGROUND FACTS
Plaintiff was a teacher at Merrydale Elementary School in East Baton Rouge Parish from 1968 to 1977. For the academic year 1976-1977, a new principal, Phyllis Addison, was assigned to Merrydale. Addison had seven years prior experience as a principal, and previous service as a teacher.
During the ensuing academic year, plaintiff and Addison did not get along. Their difficulties led to a recommendation by Addison that plaintiff be transferred to another school at equal rank, pay and status. This recommendation was concurred in by Ray Reech, Addison's immediate supervisor; Donald Fleet (Director of Staff and Teacher Evaluation), Reech's supervisor; Charles Lee (Director of Professional Personnel), Fleet's supervisor; and Clyde Lindsey (Superintendent of Schools and Chief Administrative Officer), Lee's supervisor. Some of these supervisory personnel had, or attempted to have, conversations with plaintiff concerning either the proposed transfer or alternative solutions.
Subsequently, the School Board staff chose Tanglewood Elementary as the transfer school, which was approximately the same distance from plaintiff's home as Merrydale. In due course, the School Board approved the transfer, ordering plaintiff to report to Tanglewood on August 19, 1977.
Plaintiff requested that her file be released to the Biracial Committee for purposes of reviewing the events leading to her transfer. Ultimately, hearings were held on November 10 and 15, 1977, before the Personnel Services Committee, a group which could recommend to the School Board that it reconsider its decision to transfer plaintiff. Up to this date, plaintiff had yet to report to Tanglewood Elementary.
At the November 15 meeting, the Personnel Services Committee upheld the School Board's transfer order. However, it also directed the School Board staff to take until November 28 to determine whether a transfer more suitable to plaintiff could be found. But, if no other alternative transfer was available, the Committee made clear that plaintiff had to report to Tanglewood Elementary on November 28, 1977.
Unfortunately, the school board staff and plaintiff were unable to work out a compromise transfer. Plaintiff did not report to Tanglewood on November 28. At this point, Superintendent Clyde Lindsey informed plaintiff that unless she reported by December 7, 1977, dismissal proceedings would begin immediately. Plaintiff failed to report on December 7, and the superintendent recommended to the school board that plaintiff's tenure be revoked and she be dismissed from her position. On January 20, 1978, the School Board adopted a resolution calling for plaintiff's dismissal on the ground of willful neglect of duty by not reporting to Tanglewood as ordered on August 19, 1977, and November 28, 1977.
After several continuances, a tenure hearing to consider plaintiff's dismissal was held on July 11, 1978. At the end of this hearing, the School Board voted to dismiss plaintiff from her position. Plaintiff then filed this present suit in district court seeking judicial review of the School Board's decision. After trial, the court concluded that the decision of the School Board was supported by substantial evidence and was reached in accordance with the formalities of the Louisiana Teachers Tenure Act (R.S. 17:441 et seq.).
On appeal, the plaintiff alleges the following errors, which will be considered in turn:
(1) The trial court erred in holding that plaintiff's transfer was not a "removal" from office that would bring it within the scope of the Tenure Act.
(2) The trial court erroneously interpreted the definition of "demotion" as set *908 out in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir.1970).
(3) The School Board improperly failed to consider all the evidence in reaching its decision to dismiss plaintiff.
(4) The allegations of the resolution calling for plaintiff's dismissal were not substantiated by the facts.

WAS TRANSFER A "REMOVAL"
Plaintiff contends that her transfer from Merrydale to Tanglewood Elementary was a "removal" from office in violation of the Tenure Act. However, the trial court concluded the transfer did not constitute a removal that would trigger the application of the Tenure Act's provisions. We agree.
In Rosenthal v. Orleans Parish School Board, 214 So.2d 203 (La.App. 4th Cir.1968), the court set out when a transfer is considered a removal:
"Our jurisprudence established that the transfer of a teacher from one position to another, by a Parish School Board, does not constitute a removal from office, as prohibited by the Teachers' Tenure Law, unless: (1) A reduction in salary is involved; (2) the new position requires the teaching of subjects for which the teacher is not qualified; (3) the teacher must undergo additional training, at his expense, in order to obtain permanent certification in his new post; and (4) the transfer follows a dismissal without formal charges, or a hearing, and thus leaves a blot on the teacher's record." 214 So.2d at 207.
In the case at hand, no evidence indicates the presence of any of the above four exceptions. Plaintiff was to receive the same salary at Tanglewood. No additional training was required of plaintiff, as she was certified to teach her assigned subjects. Nor was plaintiff transferred following a dismissal which would leave a blot on her record. Application of the above test from Rosenthal clearly indicates that plaintiff's transfer was not prohibited by the Tenure Act.
Plaintiff also points out that the transfer erased her Merrydale seniority status, which gave her an expectancy of continued employment at Merrydale. Plaintiff submits that this status cannot be removed without compliance with the Tenure Act. However, we find no merit in this contention. A school board has not only a right, but a duty, to transfer teachers in the best interests of the pupils and the system. Rosenthal, supra. Plaintiff's mere expectancy of continued employment does not restrict the School Board's power to transfer teachers.

APPLICABILITY OF SINGLETON
Plaintiff further asserts that her transfer was invalid because it was not accomplished in accordance with the requirements set out in Singleton, supra:
"If there is to be a reduction in the number of principals, teachers, teacher-aides, or other professional staff employed by the school district which will result in a dismissal or demotion of any such staff members, the staff member to be dismissed or demoted must be selected on the basis of objective and reasonable non-discriminatory standards from among all the staff of the school district....
. . . . .
"`Demotion' as used above includes any reassignment (1) under which the staff member receives less pay or has less responsibility than under the assignment he held previously, (2) which requires a lesser degree of skill than did the assignment he held previously, or (3) under which the staff member is asked to teach a subject or grade other than one for which he is certified or for which he has had substantial experience within a reasonably current period. In general and depending upon the subject matter involved, five years is such a reasonable period." (Emphasis Added.) 419 F.2d at 1218.
The trial court held that the plaintiff's transfer was not a "demotion" as defined above. We agree. Plaintiff was to receive equal pay and responsibility at Tanglewood, *909 and was certified to teach the assigned subjects.
However, this finding by the trial court is actually unnecessary as the language in Singleton indicates clearly that the court was concerned with the problem of reductions of teachers and other employees by the school district as a whole. Nothing in Singleton indicates that "objective and reasonable non-discriminatory standards" must be applied to the transfer of an individual teacher from one school to another in the same system. Thus, the rules espoused in Singleton have no application to this case.

FAILURE TO CONSIDER EVIDENCE
Plaintiff contends that the School Board improperly failed at the tenure hearing to listen to the audio tapes of the Personnel Services Committee meeting. These tapes were introduced into evidence by the plaintiff in an attempt to rebut the written minutes of the meeting, which state in pertinent part:
"The Committee upheld the decision of the Board to reassign Mrs. Ida Slaughter from Merrydale Elementary School to Tanglewood Elementary School...." (Emphasis Added.)
Plaintiff argues that the language "[t]he committee upheld the decision of the Board" is inaccurate, since the tapes reveal that no formal Committee vote was taken on her situation. Thus, plaintiff submits that the School Board erred in not listening to these tapes before rendering their decision of dismissal.
However, plaintiff overlooks several important factors. First, three of the nine School Board members at the tenure hearing were present at the Personnel Services Committee meeting, and were thus familiar with the Committee proceedings. Second, Mr. Donald B. Hunt, one of the three aforementioned Board members, and John F. Ward, Jr., School Board attorney who was also present at the Committee meeting, both explained to the Board the actions taken by the Personnel Services Committee. Therefore, in this context, the Board's failure to examine the tapes was not improper, and their actions are supported by substantial evidence. Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976); Cook v. Natchitoches Parish School Bd., 342 So.2d 702 (La.App. 3rd Cir.), cert. denied, 345 So.2d 52 (La.1977).

ALLEGATIONS OF THE RESOLUTION
Plaintiff argues that the second allegation of the School Board resolution calling for her dismissal was not substantiated by the facts. This allegation states:
"(2) Said teacher further willfully failed and refused to report for duty as a teacher at Tanglewood Elementary School on November 28, 1977, and thereafter to this date after having been granted, at her request a hearing before the Personnel Committee of this Board to object to such reassignment, which hearing commenced November 8, 1977 [sic, November 10, 1977] and was completed at a second hearing date of November 15, 1977, and after which hearing, the Personnel Committee reaffirmed her reassignment to Tanglewood Elementary School and directed said teacher to report for duty at Tanglewood Elementary School on November 28, 1977, said teacher having still willfully failed and refused to report for duty at Tanglewood Elementary School as of this date;"
Plaintiff submits that since no formal vote was taken by the Personnel Services Committee, it could not direct her to report to Tanglewood on November 28, 1977. Based on this alleged inaccuracy, plaintiff takes the position that the subsequent vote of dismissal by the Board was insufficient since the Board did not specify whether its vote was based on one or both of the two allegations.
However, plaintiff's insistence on a formal Committee vote is misplaced. No formal vote was taken because none was needed. A formal vote was necessary only if the Committee decided to recommend that the Board reconsider plaintiff's transfer. Instead, the Committee agreed to uphold *910 the Board's transfer and directed plaintiff to report to Tanglewood on November 28, 1977, unless a suitable alternative transfer could be worked out between plaintiff and the Board's staff prior to that date. In short, the second allegation in the resolution is an accurate depiction of the Committee's actions, and is supported by substantial evidence. Plaintiff's contentions are without merit.

DECREE
For the above-expressed reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.