Dear Senator Brinkhaus:
You have requested the opinion of this office concerning action taken at the Lafayette Parish School Board's ("School Board") meeting on November 4, 1992, whereby the School Board granted the Superintendent authority to transfer school board employees without School Board approval. In regards to the action by the School Board, you've asked the following questions:
 (1) Can a school Board legally give the final authority of transferring employees, both tenured and non-certified support personnel, to the superintendent? Is there a difference whether the transfer is a lateral one, a demotion, or an involuntary promotion (in terms of job classification and pay)?
 (2) What rights of appeal, due process and grievance procedures are available to employees not wishing to be transferred, tenured as well as non-tenured?
 (3) Under what conditions and procedures can an employee be transferred against his will?
As to your first question, LSA-R.S. 17:81 provides the powers and duties of city and parish school boards. This statutory provision states in pertinent part:
 A. Each city and parish school board shall determine the number of schools to be opened, the location of school houses, the number of teachers to be employed, and select such teachers from nominations made by the city or parish superintendent, provided that a majority of the full membership of the board may elect teachers without the endorsement of the superintendent. The board shall have authority to employ teachers by the month or by the year, and to fix their salaries; provided that there shall be no discrimination as to sex in the fixing thereof and provided further, that it is not the purpose of this Section to require or direct the reductions of any salary, or salary schedule, presently in force. The boards shall see that the provisions of the state school law are complied with. (Emphasis added).
Under LSA-R.S 17:81A, school boards are given the authority to hire and fire teachers. Necessarily implied within that authority is the power to transfer, demote or promote teachers.
This power to hire, fire, demote, transfer and promote teachers is a discretionary power vested in the school board and may not be delegated. See, Attorney General Opinion Nos. 86-337, 80-1516, 80-1103, and 78-1242. This would include a lateral transfer, a demotion or an involuntary promotion. But, see the discussion supra. on due process rights.
Additionally, you inquire as to whether a School Board can legally give the final authority of transferring non-teaching employees both tenured and non-certified to the Superintendent. LSA-R.S. 17:84.1 provides that:
 Parish and city school boards may also employ janitors, custodians, and maintenance employees as said boards may deem desirable for the proper and efficient conduct of their respective school systems at such salaries, unless otherwise prescribed by law, and with such qualifications and duties as the board may deem advisable.
As indicated in Attorney General Opinion Number 80-1103, this statute confers broad powers on the board without specific provisions as to selection. Therefore, this authority can be properly delegated to the Superintendent under the general grant of authority of LSA-R.S. 17:81. However, if the employee is tenured the relevant due process procedure should be followed. See discussion supra.
Your second question asks what rights of appeal, due process and grievance procedures are available to employees not wishing to be transferred. First, it should be noted that an employee is not entitled to due process unless the action taken by the school board has the affect of depriving him or her of a property interest which is vested in that employee. As a general matter, the act of transferring an employee, assuming the same salary and position is retained, would not in itself constitute a deprivation so as to require due process procedures to be followed. Rosenthal v. Orleans Parish School Bd.,214 So.2d 203, (La.App. 4th Cir. 1968) application denied 215 So.2d 130,252 La. 963. Further, a transfer of a tenured teacher to a position of equal stature and compensation is not a "removal from office" within the teachers' tenure act and, thus, does not require compliance with procedures in the act in order to carry out such a transfer. Rosenthal v. Orleans Parish School Bd., supra. If a transfer, of a tenured teacher involves any of the following factors then the appropriate tenure law demotion procedure must be followed, those factors are:
(1) Reduction in salary;
 (2) The new position requires the teaching of subjects for which the teacher is not qualified;
 (3) The teacher must undergo additional training, at his expense, in order to obtain permanent certification in his new post; and
 (4) The transfer follows a dismissal without formal charges, or a hearing, and thus leaves a blot on the teacher's record.
Rosenthal, 214 So.2d, at 207.
The same factors would apply to determine if there has been a demotion of any tenured school board employee and the tenure laws would, of course, apply. However, as to non-tenured school board employees, the school board may take any action with regard to them as long as it is not arbitrary and unreasonable. Lastly, if statutory and constitutional (due process) requirements are met, as set for the above, the school board may transfer an employee with or without the employees' approval.
It is the opinion of this office that a school board may not delegate the power to hire, transfer, demote, promote, or fire teachers to the superintendent. The school board may, however, delegate the power to transfer other school board employees to the superintendent. The transfer of a tenured school board employee does not require a specific procedure unless the transfer amounts to a demotion. The transfer of non-tenured employees must only be reasonable and there is no requirement under the law that a school board employee approve the fact that he or she is being transferred.
I hope this sufficiently answers your questions. If you require further assistance, please feel free to contact this office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0346p