REDMANN, Judge.
Sherrie H. Scott was an employee of the St. Bernard Parish school board. For the three years prior to her taking a sabbatical leave, her duties were to teach reading at Borgnemouth elementary school. When she returned from her leave, she was assigned to teach language at Borgnemouth. She seeks to oblige the board to assign her to teach reading, and appeals from the district court’s refusal of mandamus.
The issue is the meaning of La.R.S. 17:1182’s provision for return “to the same position.” Plaintiffs argument is that her pre-leave position was that of “reading teacher” and that R.S. 17:1182 obliges the board to return her to the duties of teaching reading. We interpret position to mean that of teacher (or assistant principal, for example). We therefore affirm.
Sabbatical leaves were created by La. Acts 1940 No. 319 and § 11 of that Act is the word-for-word source of today’s R.S. 17:1182. The intent of the 1940 Act, as declared by its title, was “To provide sabbatical leaves ... and to preserve the status of teachers during said leave .... ” La.Const.1921 art. 3 § 16 required for every act a “title indicative of its object” (as does La.Const.1974 art. 3 § 15(A)), and from this requirement flows the statutory construction rule that an act is to be interpreted consistently with its title rather than “construed into unconstitutionality,” State v. Banks, 1901, 106 La. 480, 31 So. 53. The constitution’s title-body clause is liberally construed, Louisiana Independent Auto D. Assn. v. State, La.1975, 295 So.2d 796, but does invalidate “extraordinary subject matter” in the body of an act unless indicated *170 in the title, Terrebonne Par. P. J. v. Board of Com’rs, La.1976, 306 So.2d 707.
Because the basic teacher tenure law does not give a teacher tenure as a teacher of a specific subject, an express provision that a teacher returning from sabbatical had the right to teach the same subject would constitute a benefit beyond the basic tenure law and thus beyond Acts 1940 No. 319’s purpose of “to preserve the status of teachers during [sabbatical] leave.” Such a provision would go beyond the title and would not preserve the status of the leave-taking teacher, but would create a new status not available to the teacher who stays at school and works. That would be “extraordinary subject matter” in an act to “preserve” the leave-taking teacher’s status and would pose a serious question of constitutionality. Yet plaintiffs interpretation of R.S. 17:1182’s “same position” as meaning the same teaching assignment would pose the same constitutional question: she would have greater rights than a teacher who did not take leave, and her status would be enhanced rather than preserved. We therefore cannot so construe “position” because to do so would invalidate that provision of the statute.
Plaintiff argues that R.S. 17:1182 is superfluous if it means only that the teacher returns to be a teacher. § 1183 provides a leave-taker shall have “all the rights and privileges pertaining to his position and employment which he would have enjoyed had he not taken his leave .. .,” and the basic tenure law insures that a teacher cannot be fired or demoted except for cause. Yet this very argument reveals the unreasonableness of plaintiff’s view in its insistence that the leave-taker is to have not merely “all the rights” but greater rights than “had he not taken his leave.”
Our conclusion is that plaintiff’s position was that of teacher rather than teacher of any specific subject, and that defendants did not violate R.S. 17:1182 in changing her assignment on her return from sabbatical.
Affirmed.