YELVERTON, Judge.
Virginia Comeaux got an injunction from the district court restraining the Iberia Parish School Board from transferring her from her position as a physical education teacher at New Iberia Freshman High School to the same position at Johnston Street Elementary School. The school board appealed. We affirm.
The facts, which were stipulated, are as follows: Comeaux, a tenured teacher, requested and was granted sabbatical leave from January 16, 1990, to June 1, 1990. On June 20, 1990, which was the first day of the semester following her return from sabbatical leave, the school board transferred her from New Iberia Freshman High School to Johnston Street Elementary for the 1990/91 school year. The transfer was approved by the school board upon the recommendation of the superintendent of schools but without the consent or agreement of Comeaux. She complied with the transfer by reporting to work at Johnston Street Elementary.
On August 23, 1990, she filed this suit seeking, among other things, an injunction to require the school board to rescind the transfer and return her to her former position at New Iberia Freshman. A hearing was held on October 3, 1990. The trial court, relying on La.R.S. 17:1182, issued a preliminary injunction directing the school board to rescind the transfer and return her to New Iberia Freshman.
La.R.S. 17:1182 reads as follows:
Every person on sabbatical leave shall be returned at the beginning of the semester immediately following such leave to the same position at the same school from which such leave was taken, unless otherwise agreed to by him.
The school board argues that La.R.S. 17:1182 and 17:1183 must be read together to give full effect and meaning in preserving the status of teachers who are validly on sabbatical leave.
La.R.S. 17:1183 reads as follows:
Every person on sabbatical leave shall enjoy all the rights and privileges pertaining to his position and employment which he would have enjoyed had he not taken his leave but remained in active service in the schools in which he is employed.
The board contends that when these two statutes are read together the phrase “same school” in La.R.S. 17:1182 has to be interpreted to mean “same school system.”
In support of this argument the school board cites Rosenthal v. Orleans Parish School Board, 214 So.2d 203 (La.App. 4th Cir.1968), writ denied, 252 La. 963, 215 So.2d 130 (1968), and Scott v. Dennis, 392 So.2d 169 (La.App. 4th Cir.1980). We find neither of these cases applicable to the issue before us. The case of Rosenthal states that a school board has the authority to transfer a teacher from one school to another. Rosenthal did not address the issue of whether a teacher may be transferred to another school at the beginning of the semester immediately following sabbatical leave. Neither did Scott. In Scott the court held that the “position” requirement of La.R.S. 17:1183 is not violated when a teacher returning from sabbatical is assigned to teach language when formerly she was assigned to teach reading.
*1265 The appellee contends that the trial court was correct in deciding this case solely within the confines of La.R.S. 17:1182, and that La.R.S. 17:1183 is inapplicable. We agree. La.C.C. Art. 9 states that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.R.S. 17:1182 is not ambiguous. Its wording is simple and clear. It requires that a person coming off sabbatical leave must be returned to the same position at the same school from which the sabbatical leave was taken, unless that person agrees otherwise. It does not confer more or greater rights to a teacher returning from sabbatical. It merely preserves the status quo. The effect of this statute is to require the school to delay a transfer for a person returning from a sabbatical until after the start of the following semester. While the purpose for such a statutory delay may not be readily apparent, and the delay may be an inconvenience for everybody concerned, the application of such a rule cannot be said to lead to an absurd consequence.
The statute, applied as written, supports the injunction. The judgment is affirmed. The school board will pay the costs of this appeal.
AFFIRMED.