Dear Mr. McClelland:
You have requested an opinion from our office pertaining to the sabbatical leave of a part-time teacher. We address each issue as enumerated in you letter dated April 13, 1992.
Your first question as stated:
 "Is the part-time teacher entitled to sabbatical leave for the 1992-1993 school year on a full time basis?"
LSA-R.S. 17:1170 states, in part, as follows:
 "As used in this Sub-part, the words "teacher" or "teaching staff" shall include any person employed by a city or parish school board in the state of Louisiana who holds a valid teaching certificate issued by the Department of Education . . ."
LSA-R.S. 17:1171 in applicable part, states:
 A. Members of the teaching staff of public schools in all parishes and municipalities of the state of Louisiana shall be eligible for sabbatical leaves, for the purpose of professional or cultural improvement, or for the purpose of rest and recuperation, for the two semesters immediately following any twelve or more consecutive semesters of active service in the parish where the teacher is employed, or for the one semester immediately following any six or more consecutive semesters of service. (emphasis added).
Thus, sabbatical leave, where proper eligibility has been shown, is a statutory right for members of the teaching staff of all Louisiana public schools. Attorney General Opinion Number 90-141.
As to the time to be taken for the sabbatical leave in question, there seems to be no authority barring the teacher in question from taking a school year's sabbatical on a full-time basis. However, the teacher's compensation would be adjusted according to LSA-R.S. 17:1184 as a part-time teacher. She qualifies as a "teacher" or "teaching staff" within the meaning of LSA-R.S.17:1170. Assuming that her reasons for the sabbatical are one of those condoned by LSA-R.S. 17:1171(A), the only other restriction concerns the "semester" limitations.
The term "semesters" includes the usual 180 days or nine months equals two semesters. This is true even where salary is paid on a twelve month basis. Thus, the parish school board does not have the authority to grant a twelve month sabbatical leave. Attorney General Opinion Number 73-973. The teacher in the present case is requesting sabbatical leave for the 1992-1993 school year on a full time basis which would constitute a nine month period. This is allowed, assuming the prerequisites of the statute are met.
This view is supported by Attorney General Opinion Number 87-141 which states, in applicable part, that "a 12 month employee may obtain a sabbatical leave for R R (rest and relaxation) for a period of time not to exceed the normal 180 day school year." (Emphasis added).
Since the individual in question was a part-time employee for the 1991-1992 school year as well as a full-time employee for the period between 1979-1991, she has fulfilled the "twelve or more consecutive semesters of service" to the school board. She is, therefore, eligible for a sabbatical leave. This would impliedly include leave on a full-time basis.
Your second question as stated:
 "If the teacher is entitled to sabbatical leave for the 1992-1993 school year, what rate of compensation should the teacher receive from the St. Mary Parish School Board?"
LSA-R.S. 17:1184 addresses the issue of leave compensation:
 "Each person granted sabbatical leave shall receive and be paid compensation at the rate of fifty percent of the minimum salary allowed a beginning teacher holding a bachelor's degree in that parish or city school system; provided, however, that any person granted sabbatical leave shall have the option of electing to be paid the difference between the salary he would have received during such leave if in active service in the position from which such leave is taken and the compensation which a day-by-day substitute would receive if assigned to that position on a day-by-day basis. The daily rate paid by the board for initial or minimum periods of substitution shall be the base upon which the option provided for in this section may be elected and shall be computed and paid, and the salary of the person substituting for the person granted leave shall not be considered in computing the option."
The teacher in question would have two options concerning pay for sabbatical leave; (1) 50% of the minimum salary paid to a beginning teacher with a bachelor's degree in St. Mary Parish (we will assume in the present situation that practicality will call for the interjection of "part-time" betwixt `beginning' and `teacher'); or (2) the difference between the salary she would have been paid during such leave if she kept active service in her position and the compensation of a substitute for her days missed. Coody v. Natchitoches Parish School Board, 166 So.2d 303
(La.App. 1964). The right to exercise this option cannot be denied. Attorney General Opinion Number 50-52, page 228.
Note that LSA-R.S. 17:1184 does not limit compensation to these delineations if the Board chooses to pay the teacher an extra stipend:
 "Any school board may pay such additional compensation to teachers on sabbatical leave as it may establish and fix."
However, it is under no legal obligation to provide such supplemental compensation. Furthermore, to do so retroactively would be a donation of public funds, a violation of the Louisiana Constitution, Article VII, Sec. 14(1974). Attorney General Opinion Number 90-115.
LSA-R.S. 17:1185 states the procedure for payment as follows:
 "Compensation payable to persons on sabbatical leave shall be paid at the times at which salaries of the other members of the teaching staff are paid, and in the same manner."
Moreover, note that sabbatical leave is not to preclude salary increase under LSA-R.S. 17:1180:
 "No person on sabbatical leave shall be denied the regular increment of increase in salary because of absence on sabbatical leave."
There are, however, some requirements the teacher must follow in order to receive this compensation. LSA-R.S. 17:1187, in applicable part, states:
 "A. Each person granted sabbatical leave shall sign an agreement or contract with his employing school board stipulating that, as a condition of his sabbatical leave and in order to be eligible for compensation during such leave, he will return to service for one semester for each semester of leave following the expiration of his leave in the school system granting the leave.
 B. Should a person taking sabbatical leave fail to return to service in the school system granting leave for one semester for each semester of leave following the expiration of such leave for any reason other than incapacitating illness as certified by two physicians, that person shall forfeit all compensation received during the leave period. Provided however, any school board may waive the provisions of this Section in accordance with prepublished criteria if it deems to be in the best interest of the school system to do so. No such waiver shall favor or discriminate against any employee or applicant because of his job description, age, race, or sex." (Emphasis added).
The St. Mary School Board must take all of these provisions into account in determining the rate of compensation for the teacher in question.
Your third question as stated:
 If the teacher is entitled to sabbatical leave for the 1992-1993 school year, is the teacher entitled to resume full time employment following the expiration of the leave at the school where the teacher is presently assigned on a part-time basis?"
 The answer to this query is simple. The teacher must return to her teaching position as she left it, on a part-time basis.
LSA-R.S. 17:1182 states:
 "Every person on sabbatical leave shall be returned at the beginning of the semester immediately following such leave to the same position at the same school from which such leave was taken, unless otherwise agreed to by him." (Emphasis added).
The purpose of sabbatical leave, as declared by its title, was "To provide sabbatical leave . . . and to preserve the status of teachers during said leave . . ." Scott v. Dennis, 392 So.2d 169
(La.App. 1980).
LSA-R.S. 17:1183 provides a teacher taking sabbatical leave with "all the rights and privileges pertaining to his position and employment which he would have enjoyed had he not taken his leave . . ." In the present case, the rights and privileges are those of a part-time teacher. To read otherwise would be to interpret the sabbatical as a qualifier for a promotion/upgrade to full-time employment. The unreasonableness of this is seen in allowing the teacher who is taking a sabbatical leave to have not merely "all the rights" but greater rights than "had [s]he not taken h[er] leave."
This approach is endorsed by both Attorney General Opinion Number 60-62, page 331 and Attorney General Opinion Number 88-582.
I hope this interpretation of the law will sufficiently address your concerns. If I could be of further assistance, please contact our office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 06021