| JASMINE Judge Pro Tempore.
The defendant-appellant, St. Charles Parish School Board, appeals from a trial court judgment making a writ of mandamus peremptory and ordering the defendant to return the plaintiff-appellee, John Taube, to Destrehan Senior High School where he was assigned as a teacher before taking sabbatical leave. For the following reasons, we affirm.

FACTS

According to the parties’ Joint Stipulation of Facts, plaintiff has been a teacher employed with the St. Charles Parish School Board (School Board) since 1985. During the 1997-98 school year, plaintiff taught gifted students at Destrehan Senior High School. The plaintiff requested and was granted sabbatical leave for the 1998-99 school year. Effective August 16, 1999, the School Board transferred Mr. Taube from Destrehan Senior High School and reassigned him to teach gifted students at four different schools. Mr. Taube’s pay or rank was not diminished by the transfer. While the plaintiff did not consent to | ¡¿he transfer, he reported to these schools in compliance with the School Board’s assignment.
On September 30, 1999, Mr. Taube filed a petition for a writ of mandamus to compel the School Board to return him to Destrehan Senior High School. After a hearing on October 21,1999, the trial court granted Mr. Taube’s request and ordered the School Board to return him to Destre-han Senior High School in accordance with LSA-R.S. 17:1182.

DISCUSSION

The School Board first contends the trial court improperly issued the writ of mandamus because the School Board has the discretion to transfer a teacher to a different school upon a teacher’s return from sabbatical leave. The plaintiff, however, urges that, according to LSA-R.S. 17:1182, the School Board has a non-discretionary, ministerial duty to return a teacher to the pre-sabbatical leave school. That statute provides as follows: “Return to same position. Every person on sabbatical leave shall be returned at the beginning of the semester immediately following such leave to the same position at the same school from which such leave was taken, unless otherwise agreed to by him.”
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty that is required by law. LSA-C.C.P. arts. 3861, 3863. However, a writ of mandamus is properly issued only when the law provides no relief by ordinary means or when the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. art. 3862.
Thus, a writ of mandamus is appropriately issued against a public officer (1) when the public officer has refused to perform a ministerial duty that is clearly provided by law, and (2) when a mandamus is the only available remedy or the delay caused by the use of any other remedy would cause injustice. Both requirements must be met in order for a court to properly make a writ of mandamus peremptory. Regional Transit Authority v. Kahn, 99-2015 (La.App. 4 Cir. 8/26/99), 742 So.2d 960, 964, writ denied, 99-2595 (La.9/8/99), 749 So.2d 623. Despite the School Board’s *822 assertions to the contrary, we find that, under LSA-R.S. 17:1182, the School Board has a non-discretionary duty to return Mr. Taube to Destrehan Senior High School where he taught before taking sabbatical leave.
In support of its position that the decision to transfer a teacher is a discretionary power, the School Board cites LSA-R.S. 17:81(A)(1), which provides in pertinent part:
§ 81. General powers of city and parish school boards
Each city and parish school board shall determine the number of schools to be opened, the location of school houses, the number of teachers to be employed, and select teachers and all other certified personnel from recommendations made by the city or parish superintendent as required by this Subsection. The boards shall have authority to employ teachers by the month or by the year, and to fix their salaries....
The School Board argues that the authority to transfer, demote, or promote teachers is implicit in the powers provided by the above section, citing Louisiana Attorney General Opinion No. 93-654. However, we find the opinion inapposite, since it does not encompass the issue presently before this court.[1]
The School Board also contends that its discretionary right to transfer and to reassign teachers in the best interest of the pupils and the school system is |4well recognized, citing Slaughter v. East Baton Rouge Parish School Bd., 432 So.2d 905 (La.App. 1 Cir.1983); Rosenthal v. Orleans Parish School Bd., 214 So.2d 203 (La.App. 4 Cir.1968), writ refused, 252 La. 963, 215 So.2d 130 (1968) and a number of additional Attorney General opinions.[2] We do not find any of these authorities to be persuasive.
Neither Slaughter nor Rosenthal addressed the issue of whether a teacher may be transferred to another school immediately after returning from sabbatical leave. Likewise, the Attorney General opinions cited by the School Board do not concern transferring a teacher to a different school following a sabbatical leave. We have recognized that the proper use of Attorney General opinions in the decision making process of a court is in an advisory capacity, and when the court is aware of no cases on point. Norris v. Guthrie, 618 So.2d 893, 895 (La.App. 5 Cir.1993). See also, Roy v. Avoyelles Parish School Bd., 552 So.2d 63, 65 (La.App. 3 Cir.1989).
Although the issue is one of first impression for this Circuit, we find Comeaux v. Iberia Parish School Bd., 597 So.2d 1263 (La.App. 3 Cir.1992) to be on point. In that case, the school board transferred a tenured teacher to a different school after she returned from sabbatical leave. The teacher obtained a preliminary injunction directing the school board to rescind the transfer and to return her to the pre-sabbatical school. The Third Circuit affirmed the trial court’s ruling, reasoning as follows:
La. C.C. Art. 9 states that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of *823 the legislature. La.R.S. 17:1182 is not ambiguous. Its wording is simple and clear. It requires that a person coming off sabbatical leave must be returned to the same position at the same school from which the sabbatical leave was taken, unless that | ^person agrees otherwise .... While the purpose for such a statutory delay may not be readily apparent, and the delay may be an inconvenience for everybody concerned, the application of such a rule cannot be said to lead to an absurd consequence.
Id. at 1265 (emphasis as found in the original).
The language of LSA-R.S. 17:1182 is clear. The word “shall,” as included within the article, mandates that a teacher, who is returning from a sabbatical leave, must be returned “to the same position at the same school” from which the sabbatical leave was taken, unless that person agrees otherwise. We find that the district court properly issued the writ of mandamus because the requirements for that remedy were satisfied. The School Board, which refused to return Mr. Taube to his pre-sabbatical school, is a public entity and the return of Mr. Taube to his pre-sabbatical school is a ministerial duty that the School Board failed to perform. Furthermore, the writ of mandamus was appropriate, since it was the most expeditious means to compel the School Board to perform its ministerial duty without causing injustice to Mr. Taube.
The School Board next contends that issuing the order of mandamus was legally incorrect because the order confers greater rights to Mr. Taube than to other teachers who do not take sabbatical leave. In support of its argument, the School Board suggests that we read LSA-R.S. 17:1182 together with LSA-R.S. 17:1183. It concludes that, together, these statutes indicate that Mr. Taube should be returned to the same school system, rather than to the same school. However, this argument has already been rejected by the Comeaux court as follows:
It [LSA-R.S. 17:1182] does not confer more or greater rights to a teacher returning from sabbatical. It merely preserves the status quo. The effect of this statute is to require the school to delay a transfer for a person returning from a sabbatical until after the start of the following semester..
Comeaux, 597 So.2d 1268, 1265 (emphasis as found in the original).
|fiBecause we find that the clear application of LSA-R.S. 17:1182 and Comeaux support the trial court’s order of mandamus directing the School Board to return Mr. Taube to Destrehan Senior High School, we affirm the trial court’s judgment. The costs of this appeal are assessed against the appellant, St. Charles Parish School Board.

AFFIRMED.

. The preamble to the opinion, which succinctly states the conclusion, provides:
A school board may not delegate the power to hire, transfer, demote, promote, or fire teachers to the superintendent. However, the school board may delegate the power to transfer other employees to the superintendent. The transfer of a tenured school board employee does not require a specific procedure unless the transfer amounts to a demotion. The transfer of non-tenured employees must only be reasonable and there is no requirement under the law that a school board employee approve the fact that he or she is being transferred.

. The school board cited the following Louisiana Attorney General Opinions in support of its argument: Nos. 87-77; 83-34; 82-968; and 88-14.