1 yCANNELLA, Judge.
Plaintiff, John Taube, appeals from a judgment denying his Rule for Contempt for Failure to Comply with Writ of Mandamus; For Damages and Attorney’s Fees; and for Petition for Writ of Mandamus, against Defendant, the St. Charles Parish School Board (School Board). We affirm.
The undisputed facts show that Plaintiff was a teacher employed with the School Board since 1985. During the 1997-98 school year, he taught gifted students at Destrehan Senior High School (Destrehan High). He requested and was granted sabbatical leave for the 1998-99 school year. Prior to his return from leave, he was transferred and reassigned by the School Board, effective August 16, 1999, to teach gifted students at four other schools. Plaintiff suffered no loss of pay or rank by the transfer. Plaintiff did not consent to the transfer, but reported to work in compliance with the School Board’s assignment. However, on September 30, 1999, Plaintiff filed suit for a mandamus to compel the School Board to return him to his teaching position at Destrehan High for at least one school year, the same amount of time that he had been on sabbatical, pursuant to |3La.R.S. 17:1182. After a hearing on October 21, 1999, the trial judge granted the mandamus and ordered the School Board to return Plaintiff to Destre-han High, in accordance with La.R.S. 17:1182. However, he refused to stipulate a period of time for Plaintiff to remain in that position before the School Board could transfer Plaintiff. The School Board appealed the ruling, which this Court affirmed in St. Charles Parish School Bd. v. Taube, 00-224 (La.App. 5th Cir.7/26/00), 767 So.2d 820. Plaintiff did not appeal that portion of the judgment denying his request for a stipulated period of time before the School Board could transfer him.
Subsequently, on August 7, 2000, the School Board notified Plaintiff that, pursuant to the judgments of the trial and appellate courts, he was being returned to his previous position as teacher of gifted students at Destrehan High, effective August 11, 2000, the first day of school for the teachers for the 2000-2001 school year. He was present on that day. However, he was later notified that, as of August 14, 2000, he was transferred to the comparable position of teacher of gifted students at four other high schools.
As a result of the transfer notification, on August 22, 2000, Plaintiff filed a rule for contempt, for damages and attorney’s fees, and for writ of mandamus. He asserted that the School Board was in contempt of court by transferring him after a one day return from sabbatical. He again requested the trial court to order the School Board to return him to his former position at Destrehan High for one year. The School Board responded with a peremptory exception of res judicata to the request that he be returned to his former teaching position for one year.
On September 15, 2000, a hearing was held on Plaintiffs petition and the School Board’s exception. On October 3, 2000, the trial judge denied the School | ¿Board’s exception of res judicata and Plaintiffs requests for contempt and mandamus.
La.R.S. 17:1182 provides:
“Return to same position. Every person on sabbatical leave shall be returned at the beginning of the semester immediately following such leave to the same position at the same school from which such leave was taken, unless otherwise agreed to by him.”
Under the statute, the School Board has a non-discretionary, ministerial duty to return a teacher to the pre-sabbatical leave school. Taube, 767 So.2d at 821.
*380 CONTEMPT
Contempt proceedings in civil cases are regulated by La.C.C.P. art. 221-227 and La.R.S. 13:4611. The wilful disobedience of any lawful judgment or order of the court constitutes a constructive contempt of court. La.C.C.P. art. 224. La.C.C.P. art. 227 provides that “A person may not be adjudged guilty of a contempt of court except for misconduct defined as such, or made punishable as such, expressly by law.”
In this case, the judgments from the trial court and this court ordered Plaintiff to be returned to his teaching position as the teacher of gifted students upon his return from sabbatical. The School Board did this, and Plaintiff acknowledges this fact. Plaintiff attended the first day of school for teachers on August 11, 2000, ready to begin the semester in his former position. However, he contends that the statute requires a teacher to be returned to the same position at the same school for the period equivalent to the sabbatical leave (here, one year).
| sFirst, we note that the statute does not require a teacher to be returned to the same position at the same school for the period equivalent to the sabbatical leave. In fact, the statute is silent as to the time period. Furthermore, neither the trial court judgment nor the judgment on appeal set any time period after Plaintiff was returned to his teaching position at Destrehan High before the School Board could transfer him to another teaching position in the system. Because neither the statute nor the judgments include such a time period, the School Board cannot be held in contempt because it did not violate or disobey any lawful judgment or order of court. We find, therefore, that the trial judge did not err in denying the petition for contempt, attorneys’ fees and damages.
MANDAMUS
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty that is required by law. La.C.C.P. arts. 3861, 3863. A writ of mandamus is properly issued only when the law provides no relief by ordinary means or when the delay involved in obtaining ordinary relief may cause injustice. La.C.C.P. art. 3862. Thus, a writ of mandamus is appropriately issued against a public officer (1) when the public officer has refused to perform a ministerial duty that is clearly provided by law, and (2) when a mandamus is the only available remedy or the delay caused by the use of any other remedy would cause injustice. Both requirements must be met in order for a court to properly make a writ of mandamus peremptory. Taube, 767 So.2d at 821.
In this case, La.R.S. 17:1182 is silent as to whether a teacher must be returned to the former position at the same school for the period equivalent to the sabbatical leave, as claimed by Plaintiff. Plaintiff argues that such a requirement | ^should be read into the statute in order to reflect the intent of the legislature in enacting the provision, which is to protect teachers who choose to request sabbatical leave. Otherwise, the statute would be meaningless, when as here, he was returned to his position for only one day before being transferred. He asserts that this argument is supported by the language of the statute, which specifically provides that a teacher may agree to be transferred after a sabbatical leave. If the School Board can transfer a teacher after only one day, the phrase “unless otherwise agreed to by him,” is unnecessary because a School Board would have no reason to obtain a teacher’s consent.
*381 In Cacamo v. Liberty Mut. Fire Ins. Co., 99-3479 (La.6/30/00), 764 So.2d 41, 44, the Court stated:
We have consistently held that the starting point in interpreting any statute is the language of the statute itself. Where a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation in search of legislative intent. Courts are not free to rewrite laws to effect a purpose that is not otherwise expressed. [Citations omitted]
Based on the unambiguous language of R.S. 17:1182, the School Board has a clear ministerial duty to assign Plaintiff to his pre-sabbatical position at the pre-sabbatical school, but it does not require the assignment to be for any particular time period. Under proper statutory interpretation, we cannot read any such requirement into the statute, nor does this application lead to absurd consequences. See Cacamo, 764 So.2d at 44. The School Board has the authority to transfer any teacher at any time, except for during the time that the teacher is on sabbatical leave. Thus, we find that, by reassigning Plaintiff one day after he returned to his position, the School Board did not violate a 17ministerial duty that is clearly provided by law and the trial judge correctly denied the petition for mandamus.
Accordingly, the judgment of the trial judge is hereby affirmed. The costs of this appeal are to be paid by the Plaintiff.
AFFIRMED.
CIACCIO, J., Dissents with Reasons.