# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30579
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2014

Lyle W. Cayce
Clerk

CHARLOTTE SINCLAIR, individually and on behalf of her minor son, LPS; WENDEL SINCLAIR, indivdiually & on behalf of his minor son, LPS,

Plaintiffs–Appellants,

v.

SCHOOL BOARD OF ALLEN PARISH; MICHAEL K. DOUCET, individually & in his official capacity; BOBBY ODOM, individually & in his official capacity; DIANE MARCANTEL, individually & in her official capacity; NANCY WILLIS, individually & in her official capacity,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-96

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Charlotte Sinclair was a teacher at Oakdale High School in Allen Parish. She and her husband Wendel Sinclair, individually and on behalf of their minor son, (together, "the Sinclairs") filed suit against the Allen Parish School Board ("School Board") and several individual defendants under 42 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30579

§ 1983 for the deprivation of a right created by state statute—here, the right of a teacher to be returned to the "same position" following sabbatical leave—without due process.[1]  The case proceeded to trial, after which a jury returned a verdict in favor of the Defendants.  The Sinclairs appeal the district court's entry of judgment based on the court's jury instruction regarding the sabbatical statute, and the dismissal of Wendel and the Sinclairs' son's claims on summary judgment.  For the reasons below, we AFFIRM.

## I.     BACKGROUND

Charlotte Sinclair ("Charlotte") was a teacher at Oakdale High School in Allen Parish, Louisiana.  She worked at the school from August 2001 until she took sabbatical leave during the 2007–2008 school year.  She taught both science and business courses during this period.  Following her sabbatical leave, Oakdale High School principal Nancy Willis assigned Charlotte to teach only science rather than business classes for the 2008–2009 school year.  Charlotte soon after took leave for medical reasons, and never returned to work in any capacity for the School Board.

On January 21, 2009, the Sinclairs filed suit in federal court against the School Board; Michael Doucet, the parish superintendent; Diane Marcantel, the parish personnel director; and Nancy Willis, the principal at Oakdale High School, alleging various state and federal law claims.  Among other claims, the Sinclairs alleged that the defendants violated Charlotte's procedural due process rights under the Fourteenth Amendment by reassigning her to a new position in violation of Louisiana's sabbatical leave statute.  In particular, the Sinclairs contended that the statute entitled her to return to the same teaching assignment following her sabbatical and she was deprived of this right.

---

[1] Appellants also raised claims under 42 U.S.C. § 1981, Title VII, and Louisiana law. The district court dismissed those claims and they are not before us on appeal.

No. 13-30579

Defendants moved for summary judgment on all of the Sinclairs' claims. The district court denied summary judgment as to Charlotte's Fourteenth Amendment claim and granted summary judgment on all other claims. Consequently, the court dismissed all loss of consortium claims made by Wendel Sinclair and the Sinclairs' minor son. The district court conducted a three-day jury trial. During jury instructions, the district court stated to the jury that under Louisiana's sabbatical leave statute, the term position means "classroom teacher." Charlotte Sinclair objected to the instruction, arguing that the term position means a particular subject to which a classroom teacher is assigned. The jury returned a unanimous verdict in favor of the Defendants. The Sinclairs filed a timely notice of appeal.

## II.    DISCUSSION

The district court had jurisdiction over this case under 28 U.S.C. § 1331. This Court has jurisdiction over the district court's final judgment under 28 U.S.C. § 1291.

On appeal, the Sinclairs argue two points of error: (1) the district court improperly instructed the jury on the meaning of "position" in § 17:1182 of the Louisiana Revised Statutes, the sabbatical leave statute; and (2) the district court improperly dismissed the claims for loss of consortium raised by Wendel Sinclair and the Sinclairs' minor son.

## A.  Jury Instruction

We review a trial court's jury instruction for abuse of discretion if, as here, the alleged error is preserved below. *United States v. Fuchs*, 467 F.3d 889, 900 (5th Cir. 2006) (citation omitted). We will only reverse a judgment based on a jury charge if: (1) "the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations;" (2) the error is not harmless; and (3) "the proposed instruction offered to the district court correctly stated the law." *Taita Chem. Co. v.*

3

*Westlake Styrene, LP*, 351 F.3d 663, 667 (5th Cir. 2003) (footnotes, citations, and internal quotation marks omitted).  As we have previously observed, "perfection is not required as long as the instructions were generally correct and any error was harmless."  *Id.* (citing *Bank One, Tex., N.A. v. Taylor*, 970 F.2d 16, 30 (5th Cir. 1992)).

The Sinclairs' dispute turns on a question of state law.  Louisiana law provides that "[m]embers of the teaching staff of public schools . . . shall be eligible for sabbatical leaves."  La. Rev. Stat. Ann. § 17:1171(A).  Section 17:1182 states, "Every person on sabbatical leave shall be returned at the beginning of the semester immediately following such leave to the same position at the same school from which such leave was taken, unless otherwise agreed to by him."  *Id.* § 17:1182.  The statute does not define the term "position."  *See id.* § 17:1170 (definitions).  The district court relied on a state appellate court decision interpreting the term "position" to mean only "that of teacher rather than teacher of any specific subject."  *Scott v. Dennis*, 392 So. 2d 169, 170 (La. Ct. App. 1980).  The Sinclairs contend that *Dennis* "makes no sense."  We disagree.

As the interpretation of § 17:1182 is a question of Louisiana law, we look to the final decisions of Louisiana's highest state court.  *See Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013) (citation omitted).  If there is no such decision, we make an *Erie* guess to determine how the Louisiana Supreme Court would resolve the issue if presented with the same case.  *See id.* (quoting *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.,* 565 F.3d 948, 954 (5th Cir. 2009)).  "In making an *Erie* guess, federal courts defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise."  *Id.* (alteration omitted) (quoting *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland,* 524 F.3d 676, 678 (5th Cir. 2008)) (internal quotation marks omitted).

We believe that the district court's reliance on *Dennis* was correct. The case that the Sinclairs raise in support of their argument, *Comeaux v. Iberia Parish School Board*, 597 So. 2d 1263 (La. Ct. App. 1992), does not address the precise issue in this case and does not provide "persuasive data" that the Louisiana Supreme Court would disagree with the ruling in *Dennis* if faced with such a decision. That case addresses the "same school" requirement and merely restates the plain language of the statute: a teacher returning from sabbatical must be returned to the same school, not just the same school system. *Comeaux*, 597 So. 2d at 1264. In fact the *Comeaux* court acknowledges *Dennis* as precedent, but distinguishes it as addressing a distinct issue—i.e., the "same position" requirement. *See id*. Therefore, we find no reason to doubt the district court's reliance on *Dennis* and its resulting instruction that "position" means "teacher." The district court did not abuse its discretion.

## B. Dismissal of Loss of Consortium Claims

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011)). Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, a court determines that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) (citations omitted). We must consider all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted); *Haverda*, 723 F.3d at 591 (citation omitted).

The district court found that "the evidence submitted . . . does not identify any loss beyond . . . generalizations." On appeal, the Sinclairs do not argue that there is any evidence that the district court overlooked, nor do they direct the court's attention to any additional evidence. Based on our review of the record, we hold that the district court did not err in dismissing Wendel Sinclair and the Sinclairs' son's claims for loss of consortium.

## III.   CONCLUSION

Therefore, we AFFIRM the district court's final judgment and its grant of summary judgment.