446 So.2d 889 (1984)
BIG TRAIN CONSTRUCTION COMPANY, INC.
v.
The PARISH OF ST. TAMMANY, et al.
No. 83 CA 0350.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Waldon Hingle, Slidell, for plaintiff, appellee.
Leo Hemelt, II, Covington, for defendants, appellants.
Before COVINGTON, COLE and SVOIE, JJ.
SAVOIE, Judge.
Defendant, Parish of St. Tammany, appeals the trial court's issuance of a Writ of Mandamus, compelling it to issue a building permit to plaintiff, Big Train Construction Company, Inc.
On June 23, 1982, plaintiff, Big Train, made application to the St. Tammany Parish Planning Advisory Board for a building permit. Such permit was for the construction of a deli and game room in a rural area (i.e., zoned R-rural) for the parish. At the hearing on such application, numerous local residents objected to the issuance of the permit. Their objections were based upon various grounds. After discussion, the Advisory Board ruled that the permit would not be issued due to plaintiff's failure to meet the Comprehensive Zoning Ordinance of St. Tammany Parish, Ordinance No. 523.
Thereafter, plaintiff appealed the Advisory Board's decision to the St. Tammany Parish Council. The Council, after consideration of the matter, affirmed the Advisory *890 Board's decision, finding that plaintiff failed to meet Section 2.1(1) and (2)(A)[1] of the ordinance.
Plaintiff subsequently filed suit, asking that a Writ of Mandamus be issued, compelling defendant to grant to plaintiff a building permit. After a hearing, the trial court found, as a matter of fact, that the plaintiff had met all of the zoning criteria for issuance of a building permit. Further, it found that defendant had failed to prove that plaintiff had not met all of the zoning criteria. Accordingly, it ordered that a Writ of Mandamus be issued, compelling defendant to grant the building permit. It is from this judgment that defendant appeals.
While defendant has assigned three assignments of error, in essence, it asserts the trial court erred in (1) finding that plaintiff had met all of the requisite zoning criteria and (2) allowing a Writ of Mandamus to be used as the procedural vehicle to compel the building permit to be issued in this instance. For reasons hereinafter stated, the issue of whether plaintiff has met the requisite zoning criteria is pretermitted.
A Writ of Mandamus is an extraordinary remedy set forth in the Code of Civil Procedure. It may be directed to a public officer to compel performance of a ministerial duty which is required by law. L.S. A.-C.C.P. art. 3863. Our jurisprudence is clear that such writ may not issue to compel performance of an act which contains any element of discretion, however slight. Rather, the act must be purely ministerial. Caldwell Country Club v. Department of Transportation and Development, 438 So.2d 723 (La.App. 2d Cir.1983); and see Clarco Pipeline Company v. Parish of East Baton Rouge, 383 So.2d 1296 (La. App. 1st Cir.1980); and Bye v. Giarrusso, 292 So.2d 742 (La.App. 4th Cir.1974).
In the instant matter, plaintiff attempts to compel the defendant to issue a building permit through a Writ of Mandamus by attacking the Advisory Board's and Parish Council's discretionary decision. We find that their decisions to deny plaintiff a building permit contain a large element of discretion and the remedy of Mandamus is clearly inappropriate. Plaintiff's appropriate remedy is an ordinary proceeding appealing the factual determination of the Advisory Board and the Parish Council.
Having found the remedy of Mandamus inapplicable in this instance, we need not address whether the trial court erred in concluding that plaintiff had met all of the zoning criteria.
For the above and foregoing reasons, judgment of the trial court is reversed. Plaintiff is to pay all costs.
REVERSED.
NOTES
[1] Section 2.1 provides in pertinent part:

"(1) Any use which does not create a nuisance by way of objectionable noise, glare, odor, or air pollution. Junkyards shall be permitted only where authorized by the St. Tammany Parish Council. This proposed use will require a public hearing before permit issuance as well as the adequate completion of the parish environmental assessment data form (EAD) prior to said hearing. All local, state and federal regulations as regard environmental pollution are to be complied with.
"(2) All commercial, industrial, religious, institutional uses and multifamily or condominium uses of three (3) units or more, require review and approval by the planning advisory board before issuance of a permit. Applicants for such permits must submit to the planning advisory board plans meeting the following criteria:
(a) Use does not create a hazard to health and safety of the adjacent residents."