IzTHOMAS W. TANNER, Judge Pro Tempore.
This appeal is taken from the denial of plaintiffs petition for writ of mandamus. Plaintiff, Affordable Housing Development, Inc., general partner of St. Jean Limited Partnership I and St. Jean Limited Partnership II, hereinafter referred to as “Affordable Housing”, sought the issuance of a writ of mandamus as to defendants, City of Baton Rouge/Parish of East Baton Rouge and the Planning Commission for City of Baton Rouge/Parish of East Baton Rouge, hereinafter referred to as “Planning Commission”, to compel defendants to approve its plan to build a 220 unit apartment complex on South Harrell’s Ferry Road in East Baton Rouge Parish, to be known as St. Jean Apartments. In January of 1994, Affordable Housing’s site plan was submitted to the Planning Commission for approval and was denied because of “traffic problems, overcrowded school system and lack of adequate infrastructure in this area”, according to Planning Commission minutes. Thereafter, Affordable Housing filed suit in the Nineteenth Judicial District Court for a writ of mandamus, citing Section 2.210 of The Zoning Ordinance, City of Baton Rouge & Parish of East Baton Rouge, Office of the Planning & Zoning Commission. Following a hearing in the trial court, the trial judge rejected plaintiffs argument, finding the Planning Commission had discretion to approve or disapprove the site plan and that it “acted with authority and in good faith.” Affordable Housing appeals this judgment and makes the following assignments of error:
I. The trial court erred in determining the applicable standard for review of Appellant’s Site Plan and in finding discretion in the review procedure.
II.The trial court erred in determining that the criteria for site plan approval was not met by appellant.
III.The trial court erred in not issuing a writ of mandamus directing defendants to approve Appellant’s Site Plan.
This court has previously delineated the acceptable uses of the mandamus action, regarding a public official, in Big Train Construction Company, Inc. v. Parish of St. Tammany, 446 So.2d 889 (La.App. 1st Cir.1984):
*383 A Writ of Mandamus is an extraordinary remedy set forth in the Code of Civil Procedure. It may be directed to a public officer to compel performance of ha ministerial duty which is required by law. L.S.A.-C.C.P. art. 3868. Our jurisprudence is clear that such writ may not issue to compel performance of an act which contains any element of discretion, however slight. Rather, the act must be purely ministerial_ [Emphasis original.]
Appellant relies on Section 2.210 of the local zoning ordinance as requiring the Planning Commission to issue approval of plans submitted once certain procedural steps have been taken by the applicant. Section 2.210 provides, in pertinent part:
The following uses shall be subject to plan review by the Planning Commission and other applicable agencies prior to development.
(1) Whenever development is for multifamily projects of more than 20 units....
(2) Uses as defined above shall be subject to the following procedures.
(a) Prior to applying for building permits the proponent of a shopping center, apartment development or similar high density development as defined in (1) above, shall submit a sketch and a written description of the development, with a vicinity map of the location showing roads, canals, schools, etc. in the area for Planning Commission review and discussion, so that environmental impact and relationship to private and public facilities may be determined along with deficiencies in street access and drainage capacity, sewer system, or schools, parks and methods of improvement devised through coordination with DPW, School Board, BREC and the Health Unit.
(b) When requirements listed in (a) are met, the proponents and the Building Official will be notified of Planning Commission approval, with construction to follow the plan and any amendment to follow the same process.
The very nature of the review and discussion process provided for in paragraph (2)(a), cited hereinabove, along with the authority provided therein to determine and address the impact on public and private facilities in the proposed development area, necessitates a certain element of discretion in the Planning Commission. Therefore, we find that mandamus is not a remedy which is available to Affordable Housing in this instance. Thus, Appellants’ assignments of error are without merit.
Accordingly, we find that although the trial court erred in reviewing the actions of the Planning Commission in the procedural posture in which the matter was presented, the correct result was reached in the trial court’s final judgment which vacated the writ of mandamus and dismissed plaintiffs demands.
|4For the reasons set forth herein, the judgment of the trial court is affirmed, with all costs of this appeal assessed to Affordable Housing Development, Inc.
AFFIRMED.