STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0972

STONETRUST COMMERCIAL INSURANCE COMPANY

VERSUS

TBT CONTRACTING, INC. OF LOUISIANA, ET AL.

Judgment Rendered:  __JUN 2 0 2023__

Appealed from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Docket No. C-140821

The Honorable Marla M. Abel, Judge Presiding

| | |
|---|---|
| Jeremy D. Carter<br>Phillip E. Foco<br>Colin P. O'Rourke<br>Baton Rouge, LA | Counsel for Plaintiff/Appellant,<br>Stonetrust Commercial Insurance<br>Company |
| Davis R. Peltier<br>Michelle Deloach Brooks<br>Michael G. Gee<br>Mallory F. Maddocks<br>Kaitlyn E. Bourg<br>Thibodaux, LA | Counsel for Defendants/Appellees,<br>Joshua Luft and Melissa Luft |
| Travis L. Bourgeois<br>Sidney W. Degan III<br>Jena W. Smith<br>New Orleans, LA | Counsel for Defendant/Appellee,<br>TBT Contracting, Inc. of LA |

BEFORE:  GUIDRY, C.J., HOLDRIDGE, LANIER, WOLFE,
AND MILLER, JJ.

Wolfe, J. dissents with reasons.

Holdridge J. dissents for reasons assigned by Judge Wolfe i assigns additional reason

**MILLER, J.**

An electrical subcontractor's workers' compensation carrier, Stonetrust Commercial Insurance Company, appeals a summary judgment dismissing its tort claims against the contractor, TBT Contracting, Inc. of LA, with prejudice, based on a finding that the contractor was the statutory employer of the subcontractor's injured employee. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

In connection with a home renovation project, Joshua and Melissa Luft entered into an agreement with TBT Contracting, Inc. of LA ("TBT"), on March 13, 2019, to "provide all material, equipment, labor and supervision to construct the additions and renovations" to their residence. TBT then subcontracted Naquin Electrical, Inc. ("Naquin") to "[p]rovide labor, material, equipment and supervision for all electrical work" for the Luft residence additions and renovations.

On June 11, 2019, Gary Andras, an employee of Naquin, was injured when he fell through a hole cut for an attic access door to the floor below. As a result of the accident, Naquin's workers' compensation carrier, Stonetrust Commercial Insurance Company ("Stonetrust"), paid medical and indemnity benefits to Mr. Andras.

Stonetrust subsequently filed a petition for damages in subrogation against TBT, the Lufts, and F&G Construction, LLC, seeking reimbursement for all amounts paid to, or on behalf of, Mr. Andras, damages, penalties, legal interest, attorney's fees, and costs.[1] TBT answered and asserted various affirmative defenses, including the affirmative defense of statutory employer immunity.

On July 16, 2021, TBT filed a motion for summary judgment contending that Stonetrust's claims against TBT wholly arise from the work-related accident and are thus governed exclusively by the provisions of the Louisiana Workers'

_____

[1]In a first amending and supplemental petition, Stonetrust named F&G Construction, LLC, who was also performing work at the site, as a defendant.

2

Compensation Act. TBT submits that, at all relevant times, it was the statutory employer of Mr. Andras pursuant to La. R.S. 23:1061 and is thus immune from liability in the instant suit, such that Stonetrust's claims against it should be dismissed with prejudice. With reference to the claims asserted by Stonetrust, TBT contends that Stonetrust, stepping into Mr. Andras's shoes as subrogee, has no greater rights to recovery than those of Mr. Andras. In support of its motion for summary judgment, TBT submitted the affidavit of its President, T. Benton Thompson, attaching the March 13, 2019 agreement with the Lufts, the subcontract agreement with Naquin, and correspondence and invoices; and the Lufts' answers to interrogatories and requests for production of documents.

Stonetrust opposed the motion, contending that TBT failed to set forth competent summary judgment evidence establishing the contracts herein, the obligations it contracted to perform, the obligations it subcontracted to third parties, and what its alleged statutory employee was doing at the time of the accident. In support of its opposition, Stonetrust presented the deposition of TBT Superintendent Brian Larousse with attached invoices; the deposition of Joshua Luft; the deposition of Melissa Luft; and the affidavit of Joshua and Melissa Luft with the attached agreement between TBT and the Lufts.

Following a hearing, the trial court granted TBT's motion for summary judgment.[2] On March 11, 2022, the trial court signed a judgment granting TBT's motion for summary judgment and dismissing Stonetrust's claims against it with prejudice.

Stonetrust now appeals, contending that the trial court erred in finding that TBT was entitled to immunity under La. R.S. 23:1061 where the summary judgment evidence was insufficient and "without making a specific factual

---

[2]The trial court also heard and granted a motion for summary judgment in favor of the Lufts, dismissing Stonetrust's claims against them with prejudice. This court affirmed that judgment on appeal. See Stonetrust Commercial Insurance Company v. TBT Contracting, Inc. of LA, 2022-0971 (La. App. 1st Cir. 4/14/23), __ So. 3d __ (2023 WL 2947826).

3

determination that Mr. Andras was injured while performing work in furtherance of the two-contract relationship."

## DISCUSSION

### Summary Judgment

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. M/V Resources LLC v. Louisiana Hardwood Products LLC, 2016-0758 (La. App. 1st Cir. 7/26/17), 225 So. 3d 1104, 1109, writ denied, 2017-1748 (La. 12/5/17), 231 So. 3d 624. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations and admissions. La. C.C.P. art. 966(A)(4). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2).

On a motion for summary judgment, the initial burden of proof is on the mover. La. C.C.P. art. 966(D)(1). The mover's supporting documentary evidence must prove the essential facts necessary to carry his burden. Hooper v. Lopez, 2021-1442 (La. App. 1st Cir. 6/22/22), 344 So. 3d 656, 660, as clarified on reh'g (9/1/22), writ denied, 2022-01421 (La. 11/22/22), 350 So. 3d 501. If the mover fails to carry this burden, summary judgment must be denied in favor of a trial on the merits. Crockerham v. Louisiana Medical Mutual Insurance Co., 2017-1590 (La. App. 1st Cir. 6/21/18), 255 So. 3d 604, 608. It is only when the moving party has established both that there is no genuine issue of material fact and that he is

4

entitled to judgment as a matter of law, that it is incumbent upon the adverse party to establish that there is a genuine issue for trial. Neighbors Federal Credit Union v. Anderson, 2015-1020 (La. App. 1st Cir. 6/3/16), 196 So. 3d 727, 734-735.

When a motion is made and properly supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing there is a genuine issue for trial. La. C.C.P. art. 967(B). The burden is then on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).

To summarize, on a motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact. If they are not sufficient, the summary judgment should be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that a material fact is still at issue; only at this point may one no longer rest on the allegations contained in his pleadings. Neighbors Federal Credit Union, 196 So. 3d at 734.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate.[3] M/V Resources

---

[3]We note that appellate courts review judgments and not reasons for judgment. Walton v. State Farm Mutual Automobile Insurance Co., 2018-1510 (La. App. 1st Cir. 5/31/19), 277 So. 3d 1193, 1199. In fact, judgments are often upheld on appeal for reasons different than those assigned by a trial court. Wooley v. Lucksinger, 2009-0571, 2009-0584, 2009-0545, 2009-0586 (La. 4/1/11), 61 So. 3d 507, 572. Reasons for judgment are merely an explication of the trial court's determinations and do not alter, amend, or affect the final judgment being appealed. Davis v. Allstate Property & Casualty Insurance Co., 2019-0285 (La. App. 1st Cir. 11/15/19) (unpublished) 2019 WL 6044635, *2, citing Walton, 277 So. 3d at 1199.

Additionally, because this court reviews summary judgments *de novo*, we afford no deference to the trial court's underlying reasoning for its judgment. John River Cartage, Inc. v. Louisiana Generating, LLC, 2020-0162 (La. App. 1st Cir. 3/4/20), 300 So. 3d 437, 453 n.12, citing King v. Allen Court Apartments II, 2015-0858 (La. App. 1st Cir. 12/23/15), 185 So. 3d

5

LLC, 225 So. 3d at 1109. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. Gentry v. Spillers, 2020-1077 (La. App. 1st Cir. 5/10/21), 325 So. 3d 398, 402, writ denied, 2021-00809 (La. 10/5/21), 325 So. 3d 373.

## Statutory Employer

Under the Louisiana Workers' Compensation Act, an employer is liable for compensation benefits to an employee who is injured as a result of an accident arising out of and in the course of his employment. La. R.S. 23:1031. An employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer and, thus, may not sue his employer in tort. Mitchell v. Southern Scrap Recycling, L.L.C., 2011-2201 (La. App. 1st Cir. 6/8/12), 93 So. 3d 754, 757, writ denied, 2012-1502 (La. 10/12/12), 99 So. 3d 47. Louisiana adopted a broad version of the statutory employer doctrine; thus, the Act expressly extends the employer's compensation obligation and its corresponding tort immunity to a "principal," which is also referred to as a "statutory employer." See Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority, 2002-1072 (La. 4/9/03), 842 So. 2d 373, 378.

Statutory employer immunity is governed by La. R.S. 23:1061(A), which provides that the principal, as a statutory employer, shall be granted the exclusive remedy protections of La. R.S. 23:1032 and shall be liable to pay workers' compensation benefits to any employee employed in the execution of the work or to his dependent. A statutory employer relationship shall exist, in two instances:

835, 839, writ denied, 2016-0148 (La. 3/14/16), 189 So. 3d 1069. Thus, we will review the summary judgment de novo to determine whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. See La. C.C.P. art. 966(A)(3); Louisiana Property Development, LLC v. U.S. National Title Insurance Company, 2022-0163 (La. App. 1st Cir. 9/16/22), 353 So. 3d 153, 158.

6

(1) when a party undertakes to carry out any work that is a part of its trade, business, or occupation by means of a contract with another party; or (2) when a party contracts to perform work and sub-lets any portion of the work to another party (the "two-contract" theory). See La. R.S. 23:1032(A)(1) and (2) and La. R.S. 23:1061(A)(l) and (2); Allen, 842 So. 2d at 378.

In the instant case, TBT contends that it is entitled to statutory immunity under the two-contract theory, which is set forth in La. R.S. 23:1061(A)(2), as follows:

> A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

The two-contract theory applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed. Allen, 842 So. 2d at 379. The two-contract statutory employer status contemplates relationships among at least three entities: a general contractor who has been hired by a third party to perform a specific task; a subcontractor hired by that general contractor; and an employee of the subcontractor. Badeaux v. St. Tammany Parish Hospital Service District No. 1, 2021-1229 (La. App. 1st Cir. 6/3/22), 343 So. 3d 230, 236, writ denied, 2022-01169 (La. 11/1/22), 349 So. 3d 1. The purpose behind the two-contract theory is to establish a compensation obligation on the part of the principal who contractually obligates itself to a party for the performance of work and who then subcontracts with intermediaries whose employees perform any part of that work. Fee v. Southern Packaging, Inc., 2018-1364 (La. App. 1st Cir. 5/24/19), 277 So. 3d 787, 798.

7

An employer seeking to avail itself of tort immunity bears the burden of proving its entitlement to immunity. Patterson v. Raceland Equipment Company, LLC, 2017-0703 (La. App. 1st Cir. 4/18/18), __ So. 3d __, __, 2018 WL 1870156, *3, writ denied, 2018-1018 (La. 10/8/18), 253 So. 3d 799. Furthermore, immunity statutes must be strictly construed against the party claiming the immunity. Labranche v. Fatty's, LLC, 2010-0475 (La. App. 1st Cir. 10/29/10), 48 So. 3d 1270, 1272. The ultimate determination of whether a principal is a statutory employer entitled to immunity is a question of law for the court to decide. Patterson, __ So. 3d at __, 2018 WL 1870156 at *3.

In the instant case, TBT, as the mover on the motion for summary judgment, bears the burden of proving tort immunity and showing there is no genuine issue of material fact as to the defense that it is the statutory employer of Mr. Andras. See La. C.C.P. art. 966(D)(1); Horrell v. Alltmont, 2019-0945 (La. App. 1st Cir. 7/31/20), 309 So. 3d 754, 759. Accordingly, if the supporting documents presented by TBT are sufficient to resolve all material issues of fact, only then would the burden shift to Stonetrust to present evidence showing that a material fact is still at issue. See La. C.C.P. art. 966(D)(1).

In support of its motion for summary judgment, TBT offered the affidavit of its President, Mr. Thompson, who attested that TBT was hired by the Lufts to serve as a general contractor for the complete renovation of their residence pursuant to a contract that he prepared and submitted to the Lufts on February 21, 2019, which was approved and signed by Mr. Luft on March 13, 2019. Mr. Thompson further attested that TBT, in turn, entered into a subcontract with Naquin to provide labor, material, equipment, and supervision for all electrical work, and that Naquin invoiced TBT directly for all work performed at the Luft residence. The contract, subcontract, and invoices were attached to Mr. Thompson's affidavit. TBT contends that its contract with the Lufts and its subcontract with Naquin, in

8

connection with Mr. Thompson's affidavit, establish that it was the statutory employer of Mr. Andras under the two-contract theory and is thus statutorily immune from tort liability.

Stonetrust contends on appeal that TBT failed to meet its initial burden of proving that Mr. Andras was injured while performing work in furtherance of the two-contract relationship. In response, TBT maintains that Stonetrust judicially confessed in its petition that Mr. Andras was injured while "performing electrical wiring work in the attic of the home located at 704 Menard Street ... as part of a remodeling project," in the course and scope of his employment with Naquin. TBT thus contends that Stonetrust's judicial confession waives the requirement that TBT produce evidence establishing the same on summary judgment.

On review, however, while the assertions set forth in Stonetrust's petition may amount to a judicial confession that Mr. Andras was injured while performing work in furtherance of the alleged two-contract relationship, TBT failed to attach Stonetrust's petition as evidence in support of its motion for summary judgment and the balance of mover's supporting documents do not establish this material fact. Again, a party seeking summary judgment may not reference documents located elsewhere in the record when those documents were not specifically filed in support of, or in opposition to, the motion for summary judgment. See La. C.C.P. art. 966(D)(2); Huggins v. Amtrust Insurance Company of Kansas, Inc., 2020-0516 (La. App. 1st Cir. 12/30/20), 319 So. 3d 362, 366-367; Forstall v. City of New Orleans, 2017-0414 (La. App. 4th Cir. 1/17/18), 238 So. 3d 465, 471-472.

In order to prevail on its motion for summary judgment, TBT had the burden of establishing that Mr. Andras was injured while performing work in furtherance of the two-contract relationship, and failed to do so. Thus, because TBT failed to meet its initial burden of establishing there is no genuine issue of material fact as to its defense that it is the statutory employer of Mr. Andras and that it is therefore

9

entitled to judgment as a matter of law, we find the trial court erred in granting summary judgment in its favor.[4]

## CONCLUSION

For the above and foregoing reasons, the March 11, 2022 judgment of the trial court granting TBT's motion for summary judgment and dismissing Stonetrust Commercial Insurance Company's claims is reversed. All costs of this appeal are assessed to the defendant/appellee, TBT Contracting, Inc. of LA.

**REVERSED.**

---

[4]Finding merit to this assignment of error, we pretermit discussion of Stonetrust's remaining assignments of error.



STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0972

STONETRUST COMMERCIAL INSURANCE COMPANY

VERSUS

TBT CONTRACTING, INC. OF LOUISIANA, ET AL.

**Holdridge, J. dissents for the reasons assigned by Judge Wolfe.**

I write further to state that the documents produced by TBT establish that there were no genuine issues of fact that the Lufts contracted with TBT, as the general contractor, to renovate their residence. TBT contracted with Naquin to do the electrical work needed to be performed for the renovations. An employee of Naquin, Mr. Andrus, was working in the attic of the Lufts' residence when he was injured. These undisputed facts clearly show that TBT was the statutory employer of Mr. Andrus. See La. 23:1061(A)(1)(2); **Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority**, 2002-1072 (La. 4/9/03), 842 So.2d 373, 383. The burden then shifted to the Stonetrust to come forth with evidence that Mr. Andrus was not doing the work of Naquin at the time he was injured. In order for the trier of fact to find that Mr. Andrus was not a statutory employee of TBT, Stonetrust had to produce factual support to establish the existence of a genuine issue of fact that Mr. Andrus was doing work at the time he was injured that was not covered under the contracts of TBT and Naquin. See La. C.C.P. art. 966(D)(1).

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0972

STONETRUST COMMERCIAL INSURANCE COMPANY

VERSUS

TBT CONTRACTING, INC. OF LOUISIANA, ET AL.

**WOLFE, J., DISSENTS AND ASSIGNS ADDITIONAL REASONS.**

I respectfully dissent from the majority opinion, in that I disagree that TBT's evidence was insufficient to meet its initial burden of establishing there is no genuine issue of material fact as to its tort immunity defense as statutory employer of the injured worker. Further, I do not find that Stonetrust's petition is necessary to the analysis, because TBT offered uncontradicted evidence to prove it had a contract with the Lufts for a complete renovation and, pursuant to that contract, TBT entered into a subcontract with Naquin for electrical work. The two-contract scenario is evidenced by the affidavit of TBT president, Thompson, with the supporting attachments. See **Duncan v. Balcor Property Management, Inc.**, 615 So.2d 985, 989 (La. App. 1st Cir.), writ denied, 617 So.2d 936 (La. 1993). No objection was made concerning Thompson's affidavit and attachments. The court shall consider any documents to which no objection is made. See La. Code Civ. P. art. 966(D)(2). Thus, the uncontradicted evidence demonstrated that TBT was the statutory employer of the injured Naquin employee, which leads to the conclusion that TBT is immune from tort liability under the Louisiana Workers' Compensation Act. For these reasons, I would affirm the trial court judgment.