# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-119


**CAMERON PARISH POLICE JURY**

**VERSUS**

**CHARLES DARREN BENOIT**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-20884
HONORABLE PENELOPE Q. RICHARD, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**SHARON DARVILLE WILSON**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**W. Thomas Barrett, III, District Attorney**
**Brian W. Arabie, Assistant District Attorney**
**Thirty-Eighth Judicial District, Cameron Parish**
**Post Office Box 280**
**Cameron, Louisiana  70631**
**(337) 775-5713**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Cameron Parish Police Jury**

**Christopher L. Trahan**
**1302 Lafayette Street**
**Lafayette, Louisiana  70501**
**(337) 234-6999**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Charles Darren Benoit**

**WILSON, Judge.**

Charles Darren Benoit (Mr. Benoit) was fined a total of $2,000.00 and enjoined from the use and occupancy of any unpermitted structures[1] placed on his property in Holly Beach, Louisiana, based on these structures being in violation of parish ordinances. Mr. Benoit now appeals the judgment in favor of the Cameron Parish Police Jury (the Parish).

## I.

## <u>ISSUES</u>

Mr. Benoit asserts the following assignments of error:

1. It was error for the lower court to determine that Mr. Benoit's Park Model RV is not a recreational vehicle within the meaning of the ordinance.

2. It was error for the lower court to deny Mr. Benoit the right to do with his property what he wished.

3. It was error for the lower court to permit the Parish to discriminate against Mr. Benoit and his particular style of RV.

4. It was error for the lower court to deny Mr. Benoit's reconventional demand for a writ of mandamus.

## II.

## <u>STANDARD OF REVIEW</u>

Whether to grant or deny a preliminary injunction rests within the sound discretion of the trial court. <u>City of Baton Rouge[/Parish of Eash Baton Rouge v. 200 Government Street, LLC]</u>, 08-0510 at p. 5 [(La.App. 1 Cir. 9/23/08),] 995 So.2d [32] at 36[, <u>writ denied,</u> 08-2554 (La. 1/9/09), 998 So.2d 726]. While the trial court's ruling will not be disturbed on appeal absent an abuse of that discretion, this standard is based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding necessary to the proper exercise of its discretion. <u>Zachary Mitigation Area, LLC v. Tangipahoa Parish Council</u>, 16-1675, p. 5 (La. App. 1 Cir. 9/21/17), 231 So.3d 687, 691.

---

[1] Mr. Benoit refers to the structures as "Park Model RVs," but the Parish refers to them as "park model homes." This opinion will refer to them as "Park Model trailers."

*Terrebonne Par. Consol. Gov't v. Carter*, 19-1390, p. 5 (La.App. 1 Cir. 9/18/20), 313 So.3d 1016, 1020.

## III.

## FACTS AND PROCEDURAL HISTORY

On September 23, 2020, Mr. Benoit purchased immovable property in Cameron Parish with a municipal address of 2018 Teal Street in Holly Beach, Louisiana. On April 15, 2021, Mr. Benoit obtained a building permit (BP-21-01011), which authorized the placement of a single recreational vehicle (RV) on the property. According to the permit, the RV was forty-five feet (45′) long by eight feet (8′) wide. Then, in 2022, Mr. Benoit obtained two occupational licenses (Numbers 7113 and 7340), intending to rent the RVs on his property.[2]

On May 17, 2022, Mr. Benoit placed a Park Model trailer on his property. On June 23, 2022, the Parish sent a letter to Mr. Benoit to advise him that the structure was not in compliance with the following regulations: (1) Chapter 4¼ of the parish ordinances titled, "Building Codes and Permits;" (2) Chapter 7 of the parish ordinances titled, "Flood Damage Prevention;" and (3) FEMA regulations. The Parish alleges that, rather than remove the structure, Mr. Benoit brought a second Park Model trailer to his property.

On October 18, 2022, the Parish filed suit against Mr. Benoit, seeking the issuance of a preliminary injunction to prohibit the occupancy or use of the structures that were alleged to be in violation of the parish ordinances and FEMA regulations and seeking fines and penalties in accordance with the parish ordinances. While Mr. Benoit alleges that his applications for permits for the Park Model trailers were

---

[2] There was some testimony about Parish ordinances prohibiting the renting out of an RV for occupancy by third parties, but this issue is not relevant to the present appeal.

2

denied, the Parish asserts that Mr. Benoit did not apply for the permits until after the Parish filed the petition to enforce the ordinances.

Mr. Benoit answered the petition and asserted a reconventional demand for a writ of mandamus directing the Parish to issue the proper permits for the placement of the Park Model trailers on his property.

Following a bench trial, the trial court issued judgment in favor of the Parish. The judgment prohibited Mr. Benoit from "the occupancy or use of any unpermitted structure(s) including, but not limited to park model homes in Cameron Parish, Louisiana[,] similar to those park model homes which were the subject of this suit." Mr. Benoit was ordered to pay a total of $2,000.00 in fines[3] and costs in the amount of $811.90. Mr. Benoit's reconventional demand was denied. This appeal by Mr. Benoit followed.

## IV.

## LAW AND DISCUSSION

It is undisputed that Mr. Benoit did not obtain the proper permits for the two Park Model trailers on his property. The issue concerns whether the Park Model trailers can be considered as RVs.

Section 4¼.3 of Chapter 4¼ of the Cameron Parish Police Jury Code of Ordinances provides:

> It shall be unlawful to construct, enlarge, alter, repair, move, demolish, or change any building or structure or change the occupancy of any building or structure, or to erect, install, enlarge, alter, repair, remove, convert or replace any electrical, gas, mechanical or plumbing system, the installation of which is regulated by the technical codes adopted in section 4¼.2, or to cause any such work to be done, without obtaining a properly issued construction permit from the parish building official for said work.

---

[3] The total fine consists of $500.00 each for two violations of Section 4¼.3 and $500.00 each for two violations of Section 7-35.

Section 4 ¼.6 authorizes the Parish to enjoin the occupancy or use of any unpermitted building or structure. Section 4 ¼.8 authorizes a fine of up to $500,00 for each offense, plus expenses for inspections and court costs.

The Flood Damage Prevention ordinances are found in Chapter 7 of the Cameron Parish Police Jury Code of Ordinances.[4] The relevant ordinances provide that RVs are not required to be elevated to the base flood elevation and are not required to meet certain wind-load and building code specifications that other habitable structures must meet. Section 7-11 defines an RV as follows:

> *Recreational vehicle* means a vehicle which is (i) built on a single chassis; (ii) four hundred (400) square feet or less when measured at the largest horizonal projections; (iii) designed to be self-propelled or permanently towable by a light duty truck; and (iv) designed primarily not for use as a permanent dwelling but as temporary living quarters for recreational, camping, travel, or seasonal use.

Robin Morales (Ms. Morales), who was previously the parish permit secretary and who was appointed the certified floodplain administrator before trial, testified for the Parish. Ms. Morales testified that because the Park Model trailers are normally bigger than eight feet (8′) wide, the only way they can be permitted is if they "meet elevations, wind loads, building codes; have to have a foundation design; and that would all have to be approved [by] our CBO, certified building official[,]" which is more like a permanent structure than an RV. Ms. Morales further testified that Mr. Benoit's applications for permits for the Park Model trailers were denied and that he was referred to the Parish. According to Ms. Morales, Mr. Benoit addressed the Parish and applied for a variance, which was denied. Ms. Morales also testified that the Parish has never permitted a Park Model trailer as an RV. Ms. Morales testified that because the Parish participates in the National Flood Insurance

---

[4] These ordinances are modeled after FEMA regulations.

Program (NFIP) through FEMA, the Parish must comply with their rules and regulations.

Myles Hebert (Mr. Hebert) was the appointed building official and floodplain manager and department supervisor for the Parish before he retired. He testified that non-compliance with the Parish ordinances regarding flood damage prevention is cause for FEMA to disqualify the Parish from NFIP. Mr. Hebert testified that Park Model trailers do not qualify as RVs under the Parish ordinances because they are not four hundred (400) square feet or less measured from the largest horizontal projection. Mr. Hebert himself has measured Park Model trailers and found them to be over four hundred (400) square feet "[f]rom the very back end all the way to the point of the tongue." His method of measuring is taken from the ordinance stating, "Built on a single chassis; 400 square feet or less when measured at the largest horizontal projections." According to Mr. Hebert, the tongue is the largest horizontal projection. He further testified that this definition was taken straight from FEMA regulations. In 2008, Mr. Hebert requested clarification from FEMA about whether Park Model trailers fell within the definition of an RV for purposes of NFIP. He received a letter from David Hiegel, Natural Hazards Program Specialist at FEMA. The letter stated that Mr. Hiegel reviewed manufacturers' information for Park Model trailers and discussed the issue with his supervisor. Mr. Hebert testified that FEMA's conclusions, contained in a May 20, 2008 letter addressed to him and introduced into evidence at this trial, were that the wider category of Park Model trailers (which is the model owned by Mr. Benoit) required a special permit from the highway department to be moved on the highway and is not classifiable as an RV per the NFIP. Some Park Model trailers are in a "thinner" category and do not require a special permit from the highway department and could be considered as RVs. Mr. Hebert testified that he relied upon this guidance in enforcing the Parish

5

ordinances and that to his knowledge, the Parish has never permitted a Park Model trailer under the RV provisions.

Mr. Benoit testified that he got a call from Ms. Morales, who informed him that the Park Model trailers could not be classified as RVs. He confirmed that he obtained permits from the State to tow the Park Model trailers on the highway to his property in Holly Beach.

Based on the evidence and testimony admitted at trial, we do not find that the Parish's refusal to issue permits for Mr. Benoit's Park Model trailers was arbitrary and capricious. To the contrary, we agree with the trial court that the ordinances are reasonable and that the Parish is enforcing the ordinances across the board because they are not giving permits to some people for their Park Model trailers and denying permits to other people that want to place a Park Model trailer at Holly Beach. The Park Model trailers owned by Mr. Benoit were measured in accordance with guidance from FEMA and failed to qualify as RVs under the ordinances at issue. Because it is undisputed that Mr. Benoit did not obtain permits for the Park Model trailers on his property, we find no error the trial court's issuance of $2,000.00 in fines.

Finally, we address Mr. Benoit's claim that a writ of mandamus should issue to require the Parish to issue permits for his two Park Model trailers. The denial of a building permit contains a large element of discretion. *Big Train Const. Co, Inc. v. St. Tammany Par.*, 446 So.2d 889 (La.App. 1 Cir. 1984). "Our jurisprudence is clear that such writ may not issue to compel performance of an act which contains any element of discretion, however slight. Rather the act must be purely ministerial." *Id*. at 890. While "a writ of mandamus may issue 'in certain cases to correct an arbitrary and capricious abuse of discretion by public boards or officials[,]'" for the reasons discussed above, we find no abuse of discretion in the

6

Parish's denial of the permits. *King v. Bourgeois*, 04-1106, pp. 3–4 (La.App. 1 Cir. 5/6/05), 903 So.2d 549, 551 (*quoting Bonvillian v. Dep't of Ins.*, 04-0333, p. 3. (La.App. 1 Cir. 2/16/05), 906 So.2d 596, 598–99), *writ denied*, 05-1891 (La. 2/3/06), 922 So.2d 1177. Therefore, we affirm the trial court's denial of Mr. Benoit's request for a writ of mandamus.

## V.

## <u>CONCLUSION</u>

The trial court did not abuse its discretion in finding that Mr. Benoit was in violation of Parish ordinances and fining him a total of $2,000.00. Further, the trial court did not abuse its discretion in enjoining Mr. Benoit from the occupancy or use of any unpermitted structures, including the Park Model trailers at issue herein. Accordingly, we affirm the judgment of the trial court in its entirety. All costs of this appeal are assessed to Mr. Benoit.

**AFFIRMED.**